State, ex rel. Hazlerigg et al., v. Early, Sheriff, et al.

No. 7756.

**STATE, EX REL. HAZLERIGG ET AL., v. EARLY, SHERIFF, ET AL.**

PLEADING.—*Payment.*—*Sheriff's Sale.*—*Action on Sheriff's Bond.*—A plea of payment is a relevant and proper defence to an action against a sheriff to recover a surplus remaining in his hands from the proceeds of a sale of property on an execution against the plaintiff; and it is error to give judgment for the plaintiff as for a failure of the defendant to answer, when such plea is on file.

SAME.—A plea of payment need not state to whom the payment was made.

SHERIFF.—*Payment to Clerk of Court.*—*Ratification.*— To an action against the sheriff for the recovery of an alleged surplus remaining in his hands from the sale of plaintiff's property on execution, it is a good defence that the sheriff had paid the money to the clerk of the court, to whom the attorneys of record of the plaintiff, " thereunto duly authorized," had receipted for parts of the money, and the remainder, with the plaintiff's consent, had been applied by the clerk to costs taxed against the plaintiff; such facts show a ratification of the act of the sheriff in the disposition of the surplus.

PRINCIPAL AND AGENT.—*Ratification.*—The unauthorized act of an agent, or of one assuming to act as an agent, can not be accepted in part and rejected in part.

From the Jackson Circuit Court.

*D. Overmyer*, for appellants.

WOODS, J.—Complaint against a sheriff and his bondsmen, charging in substance, that the sheriff, by virtue of a decree of foreclosure, had sold certain real estate of the relatrix, and after satisfying the decree and costs, had remaining in his hands of the proceeds of the sale a surplus, which, on demand, he had failed and refused to pay over to the relatrix.

The defendants joined in an answer of three paragraphs, to the first and third of which the plaintiff demurred. The court sustained the demurrer to the third paragraph, and overruled that to the first, to which the plaintiff excepted; whereupon, according to the recital of the record, " the plaintiff failing and declining to reply, judgment " was " awarded the defendants on the first paragraph of the answer."

The second paragraph of answer, which is a plea of pay-

ment, seems to have been overlooked or ignored; and coun-
sel for the appellant now insists that that plea is not good,
and that, if otherwise good, it was irrelevant and should be
disregarded by this court, as it was by the court below.

It is not necessary that a plea of payment allege to whom
payment was made. *Demuth* v. *Daggy*, 26 Ind. 341. '

And we perceive no force in the other suggestion of coun-
sel that the relation of debtor and creditor did not exist be-
tween the sheriff and the relatrix in respect to the money
sued ' for, and hence that the plea of payment is irrelevant
and inapplicable. When an officer or private individual, who
has become accountable to another for money, is sued for not
accounting for, or for failing to pay or turn over, the money
to the one entitled thereto, the plea of payment is necessarily
pertinent, and, if interposed, should not be disregarded. Upon
this plea, therefore, irrespective of the first, upon the failure
and refusal of the plaintiff to reply to it, the defendants were
entitled to judgment.

We are of opinion, moreover, that the first paragraph of
the answer, on which the court based its judgment, is also
good.' It shows that the sheriff turned over the surplus in
question to the clerk of the court for the use of the relators,
and "that the attorneys of record of said Catharine Hazlerigg
and of and for both said Catharine and William Hazlerigg,
thereunto duly authorized, collected and received from the clerk
of said court for the relators and for said Catharine, of said
moneys, as follows: William K. Marshall and Jason B. Brown
received each the sum of $130.50, and William W. Herod
received $130.50, and the remainder, to wit, $35.80, was re-
tained by consent of the relators and applied by said clerk on
costs in said court, for which said Catharine and her property
were liable."

We do not agree with counsel that the phrase, "thereunto
duly authorized," imports no other authority than that which
came from the said attorneys having been the attorneys of
record of the relators in the foreclosure suit. We think it a

plain and direct averment that the individuals named, who are described as attorneys of record, had authority from the relators to receive from the clerk the sums by them respectively receipted for. But if there were any doubt of this, the fact alleged that the remaining sum of $35.80 was applied, with their approval, to the use of the relators, would seem to put the sufficiency of the plea beyond question, as it shows a ratification of the act of the sheriff in paying the money to the clerk. Without their consent, the sheriff clearly had no right to pay the money to the clerk, but was bound to pay it to the relatrix, from whose property it was derived. Code, section 479, R. S. 1881, section 762. But the relators, on learning that such disposition had been made of the money, could not ratify in part and reject in part. Their alleged appropriation, therefore, of the $35.80 was a ratification of the transfer of the whole sum by the sheriff to the clerk, if not of the payment of portions thereof by the clerk to the said attorneys, if, when made, those payments were in fact unauthorized.

Judgment affirmed, with costs.