Rozell v. City of Anderson.

Filed Nov. 28, 1883.

———◆———

No. 10,579.

ROZELL v. CITY OF ANDERSON.

MUNICIPAL CORPORATION.—*Street Improvement.*—*Sewers.*—*Errors in Judgment.*—*Liability to Lot-Owner.*—Where, in the improvement of a public street, a municipal corporation constructs a sewer in a skilful and careful manner, and keeps the same in good repair, it will not be liable in damages, as a general rule, to the owner of an abutting lot, for the errors in judgment or mistakes of the municipal authorities in regard to the capacity of the sewer to perform the work for which it was intended.

JURY.—*View of Property.*—*Evidence.*—*Supreme Court.*—Whether or not the trial court has made a proper order for the view of property, which is the subject of litigation in any case, under the provisions of section 538, R. S. 1881, is a question the Supreme Court can neither consider nor decide when the evidence is not in the record.

SUPREME COURT.—*Transcript.*—*Refusal of Instruction.*—*Statute Construed.*— The *proviso* in section 650, R. S. 1881, is only serviceable or advantageous when a party desires to present to the Supreme Court an alleged error of the trial court, in its refusal to give instructions at his request.

From the Madison Circuit Court.

*C. L. Henry* and *H. C. Ryan*, for appellant.

*M. S. Robinson* and *J. W. Lovett*, for appellee.

HOWK, C. J.—Melvina T. Rozell, the plaintiff below, averred in her complaint in this action, that she was the owner of a certain lot in the city of Anderson, and occupied and had located on such lot a tan-house, tan and other vats, tan-bark mill, steam engine and boiler, and all the fixtures and machinery necessary for carrying on a tan-yard and manufacturing leather; and she sought to recover of the appellee, the city of Anderson, the alleged damages to her property,

occasioned by an overflow of water upon such property by reason of the unskilful and negligent construction by the city of certain streets and culverts, and the unskilful and negligent putting in and maintaining by the city of insufficient and inadequate sewerage, and permitting the same to become and remain out of repair, and filled up and obstructed.

The cause was put at issue and tried by a jury, and a verdict was returned for the appellee, the defendant below, and over the appellant's motion for a new trial, the court rendered judgment in accordance with the verdict.

A number of errors are assigned by the appellant in this court; but her counsel say, in argument, that they " only desire to press upon the consideration of this court the second error assigned, to wit, the overruling of appellant's motion for a new trial." Under this alleged error, the appellant's counsel first directed our attention to two instructions, which the court gave the jury at appellee's request, and which counsel claim "are clearly contrary to the recognized law of Indiana, as laid down in repeated decisions of this court." These two instructions read as follows:

"*First.* Municipal corporations are not liable to individuals for judicial errors, although private rights may be injured thereby. Nor are such corporations liable to individuals for the exercise of their ordinary powers, however mistaken their policy may be, and although private injury may result therefrom.

"*Second.* If, therefore, you find that the streets, culverts and sewers complained of were made and constructed under and by order of the common council of said city, and that they were made in accordance with such order of said common council, in a skilful and careful manner, and were kept in repair by said city, then the plaintiff can not recover in her action, although said sewer and culverts were not of a sufficient capacity to perform the work for which they were intended, and although the improvement of said streets increased

the flow of water over plaintiff's lot, and caused the injury, if any were caused, complained of."

Before considering these instructions, it may be premised that the evidence given in the cause is not in the record; but in the bill of exceptions, containing the instructions given, the court has certified that each and all of the instructions, so given to the jury, " were applicable to the evidence in the cause."

Section 650, R. S. 1881, provides what shall be deemed parts of the record, and what may be made parts of the record by a bill of exceptions, or an order of court, upon an appeal from the judgment below to this court. The body of the section is almost a literal copy of section 559 of the civil code of 1852, and has been the subject of judicial construction for the past thirty years. But the proviso in section 650 is new, and first became a part of the civil code in 1881. This proviso reads as follows:

" *Provided,* That when in any case an appeal is prosecuted upon the question of the correctness of instructions given or refused, or the modifications thereof, it shall not be necessary to set out in the record all the evidence given in the cause, but it shall be sufficient in the bill of exceptions to set out the instructions or modifications excepted to, with a recital of the fact that the same were applicable to the evidence in the cause."

Where, as in this case, the instructions complained of were given by the court, but little is gained by the appellant, so far as we can see, by the statement in the bill of exceptions that the instructions were applicable to the evidence in the cause. Because, in the absence of the evidence, this court would presume, in support of the action of the trial court, that the instructions given were applicable to the evidence in the cause, without any statement to that effect in the bill of exceptions. It is only where the refusal of instructions is complained of as error, that such a statement, in the bill of

exceptions, might be of practical service. " It has long been settled that if under any supposable state of the evidence that could have been adduced under the issues, the evidence not being in the record, the instructions could have been correct, it will be presumed that that state did exist." *Miller* v. *Voss*, 40 Ind. 307. This rule is not abrogated or changed by the proviso in section 650, above quoted. *Drinkout* v. *Eagle Machine Works*, 90 Ind. 423.

Did the court err in giving the jury the two instructions complained of by the appellant, or either of them? We are of opinion that this question ought to be, and must be, answered in the negative. The first instruction quoted is copied almost *verbatim* from the opinion of this court in *Roll* v. *City of Indianapolis*, 52 Ind. 547. Briefly stated, the jury were told by this instruction that the city of Anderson was not liable to the appellant for the errors in judgment, or mistakes in policy, of the city authorities, although injuries or damages had resulted therefrom to her property. The second instruction quoted is dependent upon, and must be read in connection with, the first instruction, as it was read to the jury. Thus read, the two instructions state the law fairly and correctly, as applicable to what, as we may well suppose, was shown by the evidence. If the jury found that the sewer had been constructed in a skilful and careful manner, and kept in repair, the city would not be liable because of an error in judgment, or mistake of the city authorities, in regard to the capacity of the sewer to perform the work for which it was intended. This is substantially what the jury was told in the instructions complained of, and this is the law. *Weis* v. *City of Madison*, 75 Ind. 241 (39 Am. R. 135); *Cummins* v. *City of Seymour*, 79 Ind. 491 (41 Am. R. 618); *City of Evansville* v. *Decker*, 84 Ind. 325 (43 Am. R. 86).

The only other point discussed by appellant's counsel arises under the sixth cause for a new trial, as follows: Error of the court on the trial in permitting and directing the

jury to view the premises whereon the plaintiff's tan yard was situate, and refusing, at plaintiff's request, to permit the jury to view the entire line and route of the sewer, and in confining the view of the jury, when ordered, to the plaintiff's premises.

In section 538, R. S. 1881, it is provided that the court may order that the jury may have a view of real or personal property, the subject of litigation, or of the place in which any material fact occurred, whenever, in the opinion of the court, such view is proper. Whether or not the court made the proper order for the view in this case is a question we can neither consider nor decide in the absence of the evidence, and the evidence is not in the record.

The motion for a new trial was correctly overruled.

The judgment is affirmed, with costs.

