Johnson *v.* Breedlove, Administrator, *et al.*

Judgment affirmed.

Filed Dec. 15, 1885; petition for a rehearing overruled March 13, 1886.

---

No. 11,506.

## JOHNSON *v.* BREEDLOVE, ADMINISTRATOR, ET AL.

PLEADING.—*Payment.*—An answer alleging payment in full of the claim sued on is good on demurrer, although pleaded with other matter which is improper.

SAME.—*Sufficiency of Plea of Payment.*—In a plea of payment, it is sufficient to allege payment generally, without stating the amount paid, the date of payment or the person to whom made.

SAME.—*Payment by Administrator.—Application of Money.—Principal and Surety.*—An answer by one claiming to be surety only, that the plaintiff had been fully paid by money received from the estate of the principal debtor, and with the administrator's consent, sufficiently shows that the administrator agreed that the money so received should be so applied.

PRACTICE.—*Venire de Novo.*—Where the answer of one of several defendants tenders an issue which, if found in his favor, is conclusive against the plaintiff as to all, and a general verdict for such defendant alone is returned, a *venire de novo* will not be granted, notwithstanding there are issues with the other defendants upon which no finding is made.

SAME.—*Harmless Error.*—An "answer" to a motion for a *venire de novo* is unknown to the practice, and when made should be stricken out, but a failure to strike it out is not available to reverse the judgment where no harm resulted.

SUPREME COURT.—*Instructions to Jury.*—Where the evidence is not in the

record, the Supreme Court will not reverse a judgment on account of instructions given to the jury, unless they are so radically wrong as not to apply to any supposed case which might have been made by the evidence.

From the Marion Superior Court.

*T. E. Johnson,* for appellant.

HAMMOND, J.—This case was in this court once before, and is reported in 72 Ind. 368. The plaintiff in the court below was then, as he is now, the appellant. There has been no change in the complaint, and from the reported case, we take the following statement of its averments:

"On July 3d, 1873, Benjamin F. Johnson, then in life, and Jesse B. Johnson made their promissory note, payable to the order of William H. Henschen, at a named bank at Indianapolis, sixty days from date, for the sum of $300. This note was endorsed by the payee, Henschen, followed by the appellant, Thomas E. Johnson, and James M. Bradshaw. When the note became due, neither the makers nor the other endorsers paid the same, or any part of it. Thereupon the plaintiff paid $100 of the principal of the note and the interest due; and for the residue thereof, and in renewal of said note to the amount of $200, said Jesse B. Johnson executed a like note for $200, which was endorsed in like manner as the first. When the note thus given in renewal became due, neither the maker nor other endorsers paying the same, the plaintiff paid $100 upon it and the interest due, and, in renewal of the residue, said Jesse B. Johnson executed another like note for the sum of $100, which was endorsed in like manner as the two others. When the last mentioned note became due, neither the maker nor other endorsers paying the same, the plaintiff paid it in full and took it up. Neither the maker nor endorsers have paid the plaintiff anything on account of the notes, though the amount is due and unpaid. Copies of the notes and endorsements are set out."

The judgment of the court below was reversed on account of the insufficiency of the second and third paragraphs of the answer of the appellee Jesse B. Johnson. When the case was remanded to the court below, said appellee filed an amended and substituted answer in five paragraphs, to the first, second and fifth of which the appellant unsucessfully demurred. A reply was filed in two paragraphs, to the second of which a demurrer was sustained. The appellee Jesse B. Johnson also filed a cross-complaint against the plaintiff and the defendant Henschen, alleging that the $300 loan was for the sole benefit of Benjamin F. Johnson; that said appellee was only surety, and that the plaintiff and Henschen were co-sureties, and praying the judgment of the court whether he was liable for anything more than contribution as co-surety. The plaintiff and Henschen each answered the cross-complaint by a general denial. The defendant Henschen also filed an answer to the complaint, claiming that he was only an accommodation endorser of said notes for Benjamin F. Johnson and the appellee Jesse B. Johnson, who he alleged were primarily liable, and asking that their property should be first exhausted by execution before a levy should be made upon his. To this there was a reply in denial. There was a trial by jury and a verdict returned as follows: "We, the jury, find for the defendant Jesse B. Johnson." The appellant filed his motion in writing for a *venire de novo* on the ground that the verdict was imperfect, because it made no finding as to the issues made by the answer of Henschen and the cross-complaint of the appellee Jesse B. Johnson. To this motion said Jesse B. Johnson filed what is called an answer, which the court refused to strike out, and overruled the motion for a *venire de novo*. Judgment was rendered upon the verdict, over the appellant's motion for a new trial.

It is claimed there was error in overruling the appellant's demurrer to the first, second and fifth paragraphs of Jesse B. Johnson's answer; in sustaining the demurrer to the second

paragraph of the reply; in refusing to strike out the "answer" to the motion for a *venire de novo;* in overruling that motion; and in overruling the motion for a new trial.

The first paragraph of Jesse B. Johnson's answer contained much matter, which was mere evidence, which tended to show that appellant's claim had been fully paid, and which ought to have been struck out, as correct pleading requires the statement of facts, rather than the evidence which goes to establish the facts. But, as the first paragraph of answer contained the averment, "And the defendant says that said notes were all fully paid before this suit was begun," it was, we think, good as a plea of payment, and there was no error in overruling the demurrer to it.

The second paragraph of the answer alleges that all the notes mentioned in the complaint were paid by Benjamin F. Johnson's administrator before the commencement of the action.

It is objected to this paragraph that it does not allege that the payment was made to the plaintiff. But it has been decided that in a plea of this kind it is sufficient to allege payment generally, without stating the amount paid, the date of payment, or the person to whom payment was made. *Demuth* v. *Daggy,* 26 Ind. 341; *Wolcott* v. *Ensign,* 53 Ind. 70; *Cranor* v. *Winters,* 75 Ind. 301; *State, ex rel.,* v. *Early,* 81 Ind. 540; 1 Works Pr., section 595.

The fifth paragraph of answer is as follows: "And for fifth answer to the complaint this defendant says that before the commencement of this action the plaintiff's claim had been fully paid and satisfied by moneys received by him from the assets of the estate of Benjamin F. Johnson, deceased, the principal debtor, for whom this defendant signed said notes as surety only, and by and with the knowledge of Thomas J. Breedlove, the administrator of said estate."

The objection urged against this paragraph is that it does not allege that the administrator of Benjamin F. Johnson's estate *agreed* that the moneys received by the plaintiff from

said estate should be applied to the payment of the claim sued upon. But it does aver that the plaintiff's claim was paid with moneys received from said estate, with the administrator's consent. This quite fully meets the appellant's objection.

The first, second and fifth paragraphs of the answer were good, and the demurrer thereto was properly overruled.

As to the second paragraph of his reply, the appellant says in his brief: " If the answer were sufficient, we should say that the reply was bad, but we regard it as a good enough reply to a bad answer." Under this statement, as we have held the answer to be sufficient, it is not necessary further to speak of the reply.

There was no error in overruling the motion for a *venire de novo*. By the answer of Jesse B. Johnson it was claimed that the plaintiff's demand had been fully paid before the commencement of the action. The general verdict of the jury decided the issue thus made in favor of Jesse B. Johnson. When this was done there was nothing further in the case to decide. The questions of suretyship raised by the cross complaint and other pleadings were unimportant after the jury reached the conclusion that the plaintiff's claim had been extinguished by payment.

The ruling on the motion for a *venire de novo* was correct without reference to the " answer" thereto which the court refused to strike out. It should have been struck out, as such an answer is unknown to the practice ; but as neither the answer nor the court's refusal to strike it out could possibly have resulted in any harm, it is manifest that we can not, on account of such refusal to strike out, reverse the judgment. R. S. 1881, section 658.

The grounds upon which appellant asked for a new trial were, that the verdict was contrary to, and not sustained by, sufficient evidence, and that the court erred in giving to the jury instructions numbered from one to twelve, both inclusive.

The evidence not being in the record, we can not say

The Cincinnati, Indianapolis, St. Louis and Chicago R. W. Co. *v.* Gaines.

whether the verdict was, or was not, sustained or contrary thereto. Nor can we for the same reason hold that the instructions, or any of them, were improperly given. The rule is well settled that where the evidence is not in the record, this court will not reverse a judgment on account of instructions given to the jury unless they are so radically wrong as, not to apply to any supposed case which might have been made by the evidence. *Drinkout* v. *Eagle Machine Works*, 90 Ind. 423; *Rozell* v. *City of Anderson*, 91 Ind. 591. Under this rule the instructions complained of do not appear to be objectionable.

We find no error authorizing a reversal of the judgment. Affirmed, with costs.

Filed Dec. 13, 1884; petition for a rehearing overruled Jan. 8, 1886.