BRUCE ET AL. *v.* HUBBELL ET AL.

[No. 9,852.   Filed May 27, 1919.]

1. JURY.—*Right to Trial by Jury.—Action on Note.*—In an action by attorneys to recover for professional services rendered in a suit for divorce, although plaintiffs could have had an equitable lien, under a complaint containing proper averments upon a note given by the husband in settlement of property rights and delivered by defendant to plaintiffs without indorsement, yet where they alleged that the note was assigned as collateral security to secure the sum due for legal services, the case was triable by jury.   p. 240.

2. TRIAL.—*Motion for Venire De Novo.—Time for Filing.*—In an action against several defendants, plaintiffs' motion for a *venire de novo* was in time, though filed after judgment was rendered against one defendant, where plaintiffs were seeking relief from judgment in favor of the other defendants only, the motion being filed before rendition of such judgment, which was the final judgment in the case.   p. 241.

3. TRIAL.—*Interrogatories without General Verdict.—Effect.—Statute.*—In view of §572 Burns 1914, Acts 1897 p. 128, providing that, in jury trials, the jury shall render a general verdict, but when requested by either party, the court shall instruct them when they render a general verdict to find specially upon particular questions of fact, answers to interrogatories, in an action against several defendants, were without force as to two of defendants, where there was no general verdict as to them, and the judgment in their favor was a nullity.   p. 241.

4. TRIAL.—*Venire De Novo.*—*Scope.*—A *venire de novo*, if granted, must be as to the whole case. p. 242.

From Starke Circuit Court; *W. C. Pentecost,* Judge.

Action by Milo M. Bruce and another against Mary E. Hubbell and others. From the judgment rendered, the plaintiffs appeal. *Reversed.*

*W. Vincent Youkey, Oscar B. Smith* and *Otto J. Bruce,* for appellants.

*C. W. Barker* and *William F. Reed,* for appellees.

NICHOLS, P. J.—This action is to recover a balance due appellants as attorneys for professional services rendered by them for appellee Mary E. Hubbell, in a suit by her for divorce against appellee Lewis W. Hubbell, and to enforce the collection of a note executed by appellees Lewis W. Hubbell and Joseph L. Beesley to appellee Mary E. Hubbell, in the sum of $500, which note, it is alleged, was assigned and delivered by said Mary E. Hubbell, without indorsement, to appellants as collateral security for the balance due them as aforesaid, and out of the proceeds of which said note appellants seek to enforce the collection of their demand against said Mary E. Hubbell.

The complaint was in two paragraphs, upon which issues were formed, and, after demand by appellants that the cause be tried by the court without the intervention of a jury, which demand was overruled, the cause was submitted to a jury for trial, which returned a general verdict in favor of appellants, against appellee Mary E. Hubbell, for $225, with sixteen interrogatories submitted by the court, and their answers thereto. There was no general verdict against appellees Lewis W. Hubbell and Joseph L.

Beesley.  On October 20, 1916, judgment was ren-
dered in favor of appellants, and against appellee
Mary E. Hubbell, on the general verdict against her,
for $225 and costs.  On October 27, 1916, appellants
filed their motion for a *venire de novo,* which was
overruled, and thereafter on said date the court ren-
dered final judgment that appellants take nothing
on their complaint against appellees Lewis W. Hub-
bell and Joseph L. Beesley, and that said appellees
recover costs of appellants.  From this judgment this
appeal is prosecuted.

The errors assigned as grounds for a new trial,
and which are considered in this opinion, are:  (1)
Overruling appellants' demand for trial by court in-
stead of jury; (2) overruling appellants' motion for
*venire de novo.*

In the suit for divorce, the property rights were
settled between the parties by payment of $5,000 to
appellee Mary E. Hubbell by appellee Lewis W. Hub-
bell, $500 of which sum was paid in cash, and the
remainder thereof by the execution of a series of
nine promissory notes, each in the sum of $500, and
executed by appellees Lewis W. Hubbell and Joseph
L. Beesley, the note involved herein being one of such
series.  As to the balance due appellants for their
services, the first paragraph is upon an account
stated, alleging a balance due appellants of $225, with
six per cent. interest, and $50 for appellants' attor-
neys, for the collection of said note.  It is averred
that said appellee Mary E. Hubbell, by and through
her agent (who was her son), assigned said note to
appellants by delivery, without a written indorse-
ment upon the back thereof, said note being so deliv-
ered as collateral security for the purpose of secur-

ing the payment of the sum due appellants; that said sum for services is due and unpaid, and demand for payment thereof has been made, but appellee Mary E. Hubbell fails and refuses to pay the same; and that said note is due and unpaid, and appellants have been required to employ an attorney to prosecute this cause of action.

There is a demand for judgment against appellees Lewis W. Hubbell and Joseph L. Beesley on said note, and for judgment against appellee Mary E. Hubbell for amount due appellants as stated, and that such sum be declared a lien upon the amount recovered upon the promissory note.

The second paragraph is predicated upon the *quantum meruit*, alleging a balance due of $275, and that appellee Mary E. Hubbell delivered said note without indorsement to appellants to secure to the appellants the payment of their fee for services rendered, and that they have a lien thereon therefor.

Appellants contend that this suit is to enforce an attorney's equitable lien, which appears by each paragraph of the complaint, and that therefore the 1. action is in equity, and that it was error for the court to refuse their demand for a trial by the court without the intervention of a jury. We fully recognize the equitable right of an attorney to his lien upon the fruits of the judgment which by his labor and skill he has obtained for his client, and his right of payment out of any funds, choses in action, or other thing of value which he may hold as a result of his efforts under his employment. In this case, under a paragraph of complaint with proper averments, it is apparent that appellants could have had their equitable lien on the proceeds of the note in-

volved, regardless of the question of any agreement with their client. A full discussion of attorneys' liens is found in 6 C. J. 765. But it is averred in the complaint in this case that the note involved was assigned by delivery, without indorsement, as collateral security, to secure the sum due appellants for their services. We do not need to cite authorities sustaining the proposition that one holding a note as collateral may sue on it in his own name, without even averring that he so holds it, and that such suit is triable by a jury. The case was properly submitted to the jury for trial.

Appellees contend that the motion for a *venire de novo* is not available to appellants for the reason that it was not filed until after the judgment against appellee Mary E. Hubbell. Appellants are not seeking relief from this judgment, but from the judgment rendered in favor of appellees Lewis W. Hubbell and Joseph L. Beesley, and their motion for a *venire de novo* was filed before the judgment was rendered in favor of the last-named appellees, which was the final judgment in this cause. A *venire de novo* may be granted at any time before final judgment. *Parker* v. *Hubble* (1881), 75 Ind. 580.

It is provided by Acts 1897 p. 128, §572 Burns 1914: "That in all actions hereafter tried by a jury, *the jury shall render a general verdict,* but in all cases when requested by either party, the court shall instruct them *when they render a general verdict* to find specially upon particular questions of fact to be stated to them in writing in the form of interrogatories," etc. It had been decided by numerous authorities, before the statute above quoted, that answers to interrogatories without a general verdict

are of no force. *Eudaly* v. *Eudaly* (1871), 37 Ind. 440; *Taylor* v. *Burk* (1883), 91 Ind. 252; *Louisville, etc., R. Co.* v. *Worley* (1886), 107 Ind. 320, 7 N. E. 215; *Todd* v. *Fenton* (1879), 66 Ind. 25. Since there was no general verdict as to appellees Lewis W. Hubbell and Joseph L. Beesley, and therefore since the interrogatories were without force as to them, the judgment in their favor was a nullity. While there was a general verdict as to one of the appellees, the *venire de novo* must be as to the whole case. *Maxwell* v. *Wright* (1903), 160 Ind. 515, 67 N. E. 267; *Wysong, Exr.*, v. *Nealis* (1895), 13 Ind. App. 165, 41 N. E. 388. Other alleged errors are discussed, but we do not deem it necessary to consider them.

The judgment is reversed, with instructions to the trial court to sustain the motion for a *venire de novo,* and for further proceedings.