PHILLIPS v. GAMMON ET AL.

[No. 23,310.    Filed October 29, 1919.]

1.  PLEADING.—*Complaint.*—*Motion to Make More Specific.*—
    *Wills.*—Where a complaint to set aside a will was based on the
    grounds of unsoundness of mind, undue execution and undue
    influence, the first two being in the language of the statute, a
    motion to make more specific was properly denied, for the rea-
    sons that such motion is unavailing as against the grounds
    stated in the language of the statute, and, though undue in-
    fluence is not a statutory ground, it is an authorized one and
    evidence in support thereof was admissible under the allega-
    tions of unsoundness of mind and undue execution.    p. 498.
2.  TRIAL.—*Motions.*—*Venire de Novo.*—*Arrest of Judgment.*—
    A motion, though termed a motion in arrest of judgment, will
    be treated as a motion for a *venire de novo* where it is di-
    rected to the verdict alone and the remedy sought is unmis-
    takably that which can only be had by a motion for a *venire
    de novo.*    pp. 499, 500.
3.  JUDGMENT.—*Trial.*—*Motions for Venire de Novo and in Ar-
    rest.*—*Distinction.*—While a motion for a *venire de novo* and
    a motion in arrest of judgment must both be made before judg-
    ment, the former should precede the motion for new trial and is
    confined to uncertainty, ambiguity or imperfections in the ver-
    dict or findings, while the latter challenges the pleadings upon
    which the verdict or finding rests and cuts off the right to sub-
    sequently file a motion for new trial.    p. 499.
4.  PLEADING. — *Motions.* — *Character of.* — *Determining From
    Prayer.*—Though the name and prayer of a pleading or motion
    may be advisory in determining its character and effect, they
    will not be allowed to control the remedy chosen as shown by
    the facts stated.    p. 500.
5.  APPEAL.—*Striking out Motion for New Trial.*—*Presumption.*
    —Error of the trial court in striking from the record a proper
    motion for new trial will be presumed harmful in the absence
    of a showing to the contrary.    p. 500.

From Warrick Circuit Court; *Ralph E. Roberts,*
Judge.

VOL. 188—32

Action by Shirley. Gammon and others against Willard Phillips. From a judgment for the plaintiffs, the defendant appeals. *Reversed.*

*Roscoe Kiper* and *Henry F. Fulling,* for appellant.

*C. J. Lindsey, S. B. Hatfield, W. S. Hatfield, John R. Brill, F. H. Hatfield* and *John W. Brady,* for appellees.

MYERS, J.—Appellees brought this action to contest and set aside the last will of Payton D. Gammon, on the ground that at the time the will was executed he was: (1) a person of unsound mind; (2) that he "was under undue influence"; and (3) that the pretended will was unduly executed. The complaint was in one paragraph and a general denial thereto formed the issues submitted to a jury, resulting in a verdict and judgment setting the will aside on the ground of unsoundness of mind. The trial court granted Phillips as executor permission to prosecute this appeal. In this court he assigns and relies on alleged errors of the court below: (1) In overruling his motion to make the complaint more specific; and (2) in sustaining appellees' motion to reject and strike from the files his motion for a new trial.

As to the first assignment of error it will be noticed that the first and third grounds for contest are stated in the language of the statute. The second cause 1. is not expressly made a statutory ground for contest, but it is so authorized and not infrequently relied on by contestors. The three statements here counted upon—"unsoundness of mind," "undue execution" and "undue influence"—all have a well-known and well-recognized legal meaning when used, as in this case, to state a cause of action. However, under the allegations of unsoundness of mind and undue execution, any evidence tending to show undue influence is admissible. *Clearspring Tp.* v. *Blough* (1909), 173 Ind. 15, 24, 88 N. E. 511, 89 N. E. 369. Furthermore, this court

has ruled that a motion to make more specific is unavailing when the statement of the grounds of contest is in the language of the statute. *McDonald* v. *McDonald* (1895), 142 Ind. 55, 64, 41 N. E. 336. In the instant case the pleaded facts relied on by the complainants are well within the law affirmed by the case last cited. The motion was properly overruled.

Passing to appellant's second assignment, the record shows that the jury returned its verdict on June 9, 1916.

2. On June 22, defendants, in writing, filed what they called a motion in arrest of judgment, which was thereupon overruled, and judgment on the verdict in favor of plaintiffs. On July 1, defendants filed their motion for a new trial. On October 16, over defendants' objection and exception, the court sustained plaintiffs' motion to strike from the files and reject defendants' motion for a new trial. Of this ruling appellant complains. The correctness of this ruling depends upon the character of the motion, evidently treated by the trial court as a motion in arrest of judgment. It was so designated by the defendants and the prayer thereof was that the judgment be arrested. In this court counsel for appellant insist that the motion, in fact, was a motion for a *venire de novo,* and should be so construed and treated. This insistence must be sustained.

While a motion for a *venire de novo* and a motion in arrest of judgment must both be made before judgment,

3. yet the province of each is entirely different. The former should precede the motion for a new trial and is confined to uncertainty, ambiguity or imperfections in the verdict or findings of the court as the case may be, while the latter affirms the verdict but challenges the pleadings upon which it rests to authorize it, and cuts off the right of the maker to subsequently file a motion for a new trial. *Cincinnati etc., R. Co.*

v. *Washburn* (1865), 25 Ind. 259, 261; *Boor, Admr.,* v. *Lowrey* (1885), 103 Ind. 468, 3 N. E. 151, 53 Am. St. 519; *Shaw* v. *Merchants Nat. Bank* (1877), 60 Ind. 83, 94; *Kelley* v. *Bell* (1909), 172 Ind. 590, 596, 88 N. E. 58; *Bennett* v. *Simon* (1898), 152 Ind. 490, 491, 53 N. E. 649; *Potter* v. *McCormack* (1891), 127 Ind. 439, 440, 26 N. E. 883; *Smith* v. *State, ex rel.* (1895), 140 Ind. 343, 350, 39 N. E. 1060.

It is not the name given to a pleading or motion or the prayer thereof that determines its character and effect. The name and prayer may be advisory, but 4. neither will be allowed to control the remedy selected as shown by the facts in the pleading or motion. *McClanahan* v. *Williams* (1893), 136 Ind. 30, 35 N. E. 897; *McGuffey* v. *McClain* (1892), 130 Ind. 327, 331, 30 N. E. 296; *Goecker* v. *McOsker* (1912), 177 Ind. 607, 615, 98 N. E. 724; *Crawfordsville Trust Co.* v. *Ramsey* (1912), 178 Ind. 258, 275, 98 N. E. 177. The motion in question is directed to the verdict alone, and the remedy sought thereby is unmistakably that which can only be had by a motion for a venire 2. de novo. *Bohr* v. *Neuenschwander* (1889), 120 Ind. 449, 456, 22 N. E. 416; *Mitchell* v. *Friedley* (1891), 126 Ind. 545, 548, 26 N. E. 391; *Johnson* v. *Hosford* (1887), 110 Ind. 572, 575, 10 N. E. 407, 12 N. E. 522; *Perkins* v. *Hayward* (1890), 124 Ind. 445, 450, 24 N. E. 1033; *Richards* v. *Wilson* (1916), 185 Ind. 335, 363, 112 N. E. 780. But treating this motion, as we must, as one for a *venire de novo,* no error intervened in overruling it, for by reference to the verdict it will be seen that it is not subject to the claimed imperfections or defects.

It is next insisted that the court erred in sustaining appellees' motion to strike from the record and reject appellant's motion for a new trial. The motion 5. for a new trial is before us. It was timely filed.

It contains causes properly assigned in support of the motion, and follows approved procedure in presenting questions thus raised on appeal to this court. The facts thus disclosed by the record in connection with our disposition of the so-called motion in arrest of judgment require us to hold that the action of the trial court in sustaining this motion to strike out was erroneous, and in the absence of a showing to the contrary, this ruling will be presumed harmful to appellant. *Rowe* v. *Peabody* (1885), 102 Ind. 198, 204, 1 N. E. 353; *Ervin* v. *State, ex rel.* (1897), 150 Ind. 332, 346, 48 N. E. 249; *Crawfordsville Trust Co.* v. *Ramsey, supra.*

For the error of the court in sustaining appellees' motion to strike from the record and reject appellant's motion for a new trial, the judgment in this cause is reversed, with instructions to the trial court to set aside its ruling in that respect, and to overrule the motion to strike from the record appellant's motion for a new trial, and to permit the motion for a new trial to be reinstated, and for further proceedings not inconsistent with this opinion.

NOTE.—Reported in 124 N. E. 699.