GROSSMAN ET AL. *v.* STATE OF INDIANA.

[No. 29,833. Filed February 27, 1961.]

*Johnson & Carroll,* of Evansville, for appellants.

*Edwin K. Steers,* Attorney General, and *Paul B. Wever, Jr.,* Deputy Attorney General, for appellee.

LANDIS, J.—This is an eminent domain proceeding brought by the State of Indiana seeking to condemn for highway purposes certain land allegedly owned by the seven appellants who are described as being Flora C. Grossman, Edward D. Grossman (husband and wife) ; Mrs. Anna B. Seiler, Samuel Seiler (husband and wife) ; Wesley E. Grossman, single; Elmer W. Grossman; and Ella Grossman.

Appraisers appointed by the court filed a report fixing damages in the amount of $14,093.00.

The seven appellants filed exceptions to the appraisers' report and after a trial by jury the following verdict was returned, viz.:

"We, the jury, find for the defendants, Flora C. Grossman, Edward D. Grossman, Anna B. Seiler, Wesley E. Grossman and Elmer W. Grossman and award them the sum of $6,531.20."

(It will be noted no finding is contained in the verdict as to defendants-appellants, Ella Grossman and Samuel Seiler.)

On February 20, 1959, the defendants-appellants, except Ella Grossman and Samuel Seiler, filed motion for new trial and on April 7, 1959, all defendants-appellants, including Ella Grossman and Samuel Seiler filed a motion for venire de novo for the reason ". . . that the verdict of the jury shows on its face that it did not find either for or against the defendants [appellants] Ella Grossman and Samuel Seiler. . . ."

The motion for new trial and motion for venire de novo were overruled on May 11, 1959, and on said date judgment was rendered against all seven defendants-appellants as to the condemnation, but only for the five named defendants-appellants as to damages in the amount of $6,531.20 and against the other two defendants-appellants as to damages. Appeal is taken from the judgment.

Among the errors here assigned on appeal is that the court erred in overruling the motion for venire de novo filed by appellants.

A motion for venire de novo is an ancient common law remedy for obtaining a re-examination of the facts

tried by the jury where the defect in the verdict appears on the face of the record.[1] Although the motion is not provided for in our Code of Civil Procedure, it has been adopted by our courts and has become recognized in our practice.[2]

There is a proper ground for a venire de novo if the verdict fails to find on all issues between plaintiff and defendant,[3] where the verdict is imperfect because of some uncertainty or ambiguity,[4] or for failure to assess damages.[5]

The purpose of the motion for venire de novo has been described as being to attack a verdict or finding where it is so defective, uncertain or ambiguous upon its face that no judgment can be rendered upon it, as may be the case with a general verdict or finding when there is a failure to find on all the issues for or against all the parties. Lowe's Indiana Practice, Vol. 3, §58.2; 28 West's I. L. E., Trial, §326.

Thus in a suit on a note against two defendants where a general verdict was rendered for one of the defendants without mentioning the other, the verdict was held to be defective, in not finding for or against the other defendant and a motion for a venire de novo by the plaintiff should have been granted. *Maxwell* v. *Wright* (1903), 160 Ind. 515, 67 N. E. 267.

In the case of *Peed et al.* v. *Brenneman, Jr., et al.* (1880), 72 Ind. 288, 290, 291, where a jury trial was

---

1. 89 C. J. S., Trial, §519; 39 Am. Jur., New Trial, No. 3, p. 34.
2. See review of subject in *Waterbury* v. *Miller* (1895), 13 Ind. App. 197, 205, 206, 41 N. E. 383, 385, 386.
3. *Bosseker* v. *Cramer* (1862), 18 Ind. 44, 47; *Clevenger* v. *Kern* (1935), 100 Ind. App. 581, 591, 197 N. E. 731, 736.
4. *Maxwell* v. *Wright* (1903), 160 Ind. 515, 516, 67 N. E. 267; *Sheeks, Adm.* v. *State, ex rel.* (1901), 156 Ind. 508, 510, 60 N. E. 142, 143.
5. *Maxwell* v. *Wright, supra; Bosseker* v. *Cramer, supra.*

had in proceedings to establish a county road appealed from the Board of Commissioners, the following verdict was returned, viz.:

"We, the jury, find for the petitioners, and that the proposed road will be of public utility, and we find and assess damages in favor of the remonstrants as follows:
Robert M. Chambers,_____None.
John R. Peed,_____None.
Harrison Goodman,_____None."

The various remonstrants filed motion for venire de novo on the ground that the verdict (while finding as to the remonstrants Peed, Chambers and Goodman) did not find whatever as to the other remonstrant, one Elisha Clift, on the question of damages.

The Supreme Court held the trial court was in error in not sustaining the motion for venire de novo, stating:

" 'A *venire facias de novo* and a new trial, are very different things, though alike in some points. They agree in this, that a new trial takes place in both.' *Bosseker* v. *Cramer*, 18 Ind. 44. A new trial implies a re-examination of all, and not a part only, of the issues between the parties as to whom it is granted.

"The verdict being so defective that judgment could not be rendered upon it as against Clift, he was entitled to a *venire de novo* for the trial of the whole case, including the question as to the public utility of the proposed highway; and this would open up the whole question of utility, not as to him only, but to the other remonstrants, because, if upon the new trial the question of public utility should be found against the petitioners, the highway could not be established against the other remonstrants. This gave the other remonstrants such an interest in the question as authorized them to unite with Clift in the motion."

In the case before us appellee has contended there is no merit to appellants' venire de novo in view of the

following testimony of Elmer Grossman as to ownership of the property, to-wit:

"Q. And it has been in the family continuously ever since then?

"A. Yes, sir.

"Q. Now, you and your brothers and your sister each have an equal share in this property, is that right?

"A. That is correct.

"Q. So, it is actually owned by five (5) of you, each owning a one-fifth interest?

"A. Yes, sir."

It should be noted however that this evidence does not go so far as to show that appellants Ella Grossman and Samuel Seiler did not have any interest in the property, nor is it inconsistent with the allegations of appellee's complaint that the respective spouses held the property as husband and wife. Further, it has not been contended by appellee that the character of the interest held by such defendants-appellants was inchoate or had not vested but in appellee's own complaint it is alleged that all seven persons named therein were owners of the real estate herein involved and all such seven persons filed exceptions to the appraisers' award. At no time does it appear to have been contended in the lower court that any less than seven defendants were the sole owners of the property, nor did appellee at any time attempt to dismiss as to two of the defendants below. We do not believe that appellee can now properly contend that two of the parties to the proceedings below were unnecessary on the basis of the foregoing indefinite evidence and that therefore such parties have no remedy by venire de novo.

It is apparent from the foregoing discussion that the case before us does not fall within any exception to the rule that the verdict of the jury must find on all the issues as to all the parties.[6]

The motion for venire de novo was timely filed in the instant case, as it was filed before any motion for new trial was filed by all appellants[7] and before judgment.[8]

Judgment reversed with direction to sustain appellants' motion for venire de novo.[9]

Bobbitt, C. J., and Achor and Jackson, JJ., concur. Arterburn, J., concurs in result.

NOTE.—Reported in 172 N. E. 2d 576.

6. See however: *Johnson v. Breedlove, Administrator, et al.* (1886), 104 Ind. 521, 6 N. E. 906, where an answer of one of defendants tendered an issue which, having been found in his favor, was conclusive against the plaintiff as to all defendants, and therefore the verdict was not subject to venire de novo. See also: *Red Cab, Inc. v. White* (1938), 213 Ind. 269, 277, 12 N. E. 2d 356, 359.

7. *Phillips v. Gammon* (1919), 188 Ind. 497, 499, 124 N. E. 699, 700; *Bruce v. Hubbell* (1919), 70 Ind. App. 237, 241, 123 N. E. 416, 417. Venire de novo in time although filed after judgment rendered against one defendant was not moving party of motion for venire de novo.

8. Cases cited in 28 West's I. L. E., Trial, §327, note .22.

9. A motion de novo must be granted as to the whole case. The motion cannot be granted to re-try merely the part left undetermined by the verdict or finding, but a new trial should be awarded on all the issues between the parties. See Lowe's Indiana Practice, Vol. 3, §58.11.