**William S. RICE, Petitioner,**

v.

**Curtis M. SIMPSON, Warden, Kilby Prison, Montgomery, Alabama, Respondent.**

**Civ. A. No. 2583–N.**

United States District Court
M. D. Alabama, N. D.

July 17, 1967.

MacDonald Gallion, Atty. Gen., and Paul T. Gish, Jr., Asst. Atty. Gen., State of Alabama, Montgomery, Ala., for respondent.

Oakley W. Melton, Jr., Montgomery, Ala., court-appointed attorney for petitioner.

## ORDER

JOHNSON, Chief Judge.

Petitioner now presents to this Court his application for a writ of habeas corpus. He alleges that in the Circuit Court of Pike County, Alabama, in February 1962, upon his pleas of guilty in state court criminal cases Nos. 6427, 6428 and 6429, he was sentenced by said state court to an aggregate of eight years in the state penitentiary. Petitioner alleges, further, that in August 1964 his pleas, and the judgment and sentence thereon in each of said state court cases, were set aside upon his application, and the proof offered in support thereof, for the writ of error coram nobis. The petition now presented to this Court further avers that in December 1964 he was retried and, upon conviction in the same circuit court, was sentenced to a term of ten years in case No. 6427, ten years in case No. 6428, and in May 1965, after a conviction, was sentenced to a term of five years in case No. 6429. Thus, the sentences, after petitioner was successful in his coram nobis proceeding and after he was retried and convicted, now aggregate twenty-five years.

Petitioner alleges that, in resentencing him, the Circuit Court of Pike County failed to give him credit for prior time served on the original sentences, and he alleges, further, that the sentences resulting in his present incarceration that were imposed by the Circuit Court of Pike County, Alabama, in December 1964 and May 1965, which sentences aggregate over three times the aggregate sentences originally imposed in said cases, violate his constitutional rights in that said greater sentences constitute punishment for his having exercised and been successful in his post-conviction coram nobis proceeding. Petitioner alleges that it is constitutionally impermissible for the State of Alabama to force upon him the risk (here, a reality) of more severe punishment as a penalty for his having exercised and been successful in Alabama post-conviction proceedings.

Petitioner very candidly admits that he has not presented this issue to the courts of the State of Alabama since he was reconvicted and resentenced by the Circuit Court of Pike County, Alabama, in December 1964 and May 1965. He argues, instead, that his case is one of "exceptional circumstances" in that there is an absence of available state corrective processes in his case.

Upon an examination of the petition as now presented and the excellently written argument filed in support thereof, this Court is of the opinion that petitioner is afforded no post-conviction remedies by the State of Alabama where his only contentions, in support of his claim that his present incarceration is unconstitutional, are (1) that he was not given credit on resentencing for prior time served upon sentences which were later set aside by the courts of the State of Alabama as being unconstitutional, and (2) that the sentences resulting in his present incarceration were imposed as,

and serve as, punishment for his having exercised and been successful in Alabama post-conviction proceedings. In this connection, Judge Cates, speaking for the Alabama Court of Appeals in Aaron v. State, 43 Ala.App. 450, 192 So.2d 456 (Nov. 29, 1966), wrote:

"Moreover, we do not think that Alabama affords, after motion for new trial wherein the trial judge's power over judgment is kept alive, any post conviction remedy to assert that a sentence is invalid because of a claim of excessiveness if the second sentence does not go beyond the statutory limit. Isbell v. State, 42 Ala.App. 498, 169 So.2d 27. Our Supreme Court has failed to adopt any general rule that our remedy of coram nobis automatically assimilates all rights imposed on state trials by the Fourteenth Amendment. See Wilson, Federal Habeas Corpus and the State Court Criminal Defendant, 19 Vand.L.Rev. 741."

And, again, the same Judge, speaking for the same court, in March 1967 in Ex parte Merkes, 43 Ala.App. 640, 198 So.2d 789, reiterated the above-quoted statement from the *Aaron* case and stated further, "We see no reason to go into what should be the rule of credit for prior time until we have to."

The above cases, appearing to represent the law of the State of Alabama upon the questions now presented in petitioner's application, make it apparent that Title 28, § 2254 of the United States Code, does not bar the filing of petitioner's application for the writ of habeas corpus as now presented.

Accordingly, it is the order, judgment and decree of this Court that the motion of William S. Rice, presented to this Court on July 13, 1967, seeking leave to file his application for a writ of habeas corpus in forma pauperis, be and the same is hereby granted. The Clerk of this Court is ordered and directed to file without the prepayment of fees and costs the petition for a writ of habeas corpus now presented to this Court by William S. Rice.

It is the further order, judgment and decree of this Court that Curtis M. Simpson, Warden of Kilby Prison, Montgomery, Alabama, and/or any other appropriate official acting for or in behalf of the State of Alabama, on or before August 4, 1967, show cause, if any there be, why this Court should not issue the writ of habeas corpus as herein prayed for by the petitioner, William S. Rice.

It is further ordered that the Honorable Oakley W. Melton, Jr., of Montgomery, Alabama, be and he is hereby appointed to represent William S. Rice in this action.

It is further ordered that a copy of this order be served upon the said Curtis M. Simpson as Warden of Kilby Prison and that copies be mailed by certified mail to the Honorable MacDonald Gallion, Attorney General, State of Alabama, Montgomery, Alabama, to the Honorable Oakley W. Melton, Jr., Attorney at Law, Montgomery, Alabama, and to the petitioner, William S. Rice, in care of the Warden of Kilby Prison, Montgomery, Alabama.