215 So.2d 598

**James GOOLSBY**

**v.**

**STATE.**

**6 Div. 202.**

Court of Appeals of Alabama.

Nov. 28, 1967.

Rehearing Denied Dec. 19, 1967.

Opinion after Remandment Nov. 19, 1968.

**536**

Weaver & Herrin, Birmingham, for appellant.

MacDonald Gallion, Atty. Gen., and Paul T. Gish, Jr., Asst. Atty. Gen., for the State.

CATES, Judge.

The facts in this case show that appellant, Goolsby, was indicted by the Grand Jury in July, 1959, on three counts: Count One, burglary; Count Two, grand larceny; and Count Three, buying, receiving and concealing stolen property. Goolsby, without counsel, entered a plea of guilty and was sentenced to serve ten years in the State penitentiary.

September 7, 1965, the judgment was set aside and appellant was granted a new trial. At the second trial, Goolsby filed three pleas of autrefois acquit, which were overruled.

The Attorney General, in brief, gives the following statement of facts:

"The evidence introduced by the State tended to show that the appellant and one Henry Lee Lucas broke a window at the Truck & Auto Rental Company, in Birmingham, Alabama, on September 22, 1959. Upon entering the building through this window they carried a safe from the building through a door which they forced open and loaded the safe on a pick-up truck. This occurred during the early hours of the night. They hauled the safe to a wooded area located near the reservoir of the Birmingham Water Works and unloaded it.

"The next day the appellant and Lucas opened the safe and took from it certain money and a number of checks.

"After the appellant was arrested Lucas gave himself up to the law enforcement officers and made a statement confessing the crime and implicating the appellant. This statement was introduced into evidence.

"The appellant testified that he did not commit the crime and was not with Lucas on the night of September 22, 1959. He stated that Lucas implicated him in the crime because of a prior difficulty between the two men."

## I.

■ Nowhere in the record before us appears a judgment on Goolsby's plea of guilty at his first arraignment. His brief states that he pleaded guilty to Count One, second degree burglary. Even if this were so, standing alone it would not necessarily acquit him of larceny charged in a separate count. Bowen v. State, 106 Ala. 178, 17 So. 335. Wildman v. State, 42 Ala.App. 357, 165 So.2d 396, is concerned with punishment under Code 1940, T. 15, § 387.

■ When a defendant appeals from a judgment of conviction, he implicitly agrees in case of reversal to return to the stage of proceedings at which the reversible error occurred. A trial, after issue is joined, is of necessity treated as an indivisible unit.

Hence, for error during trial the former jurors are not called back and testimony begun anew, rather we have a new writ, venire facias de novo or a new trial. Sewall v. Glidden, 1 Ala. 52; Grossman v. State, 241 Ind. 369, 172 N.E.2d 576

Under Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, Goolsby's first trial after the coram nobis judgment was a nullity because the court lacked one of its indispensable officers, an attorney for the defendant. We know that Gideon was retried—and acquitted.

■ If Goolsby's first arraignment was void, so too was any nol prosse consequent thereon. Hence, on the second trial the cause would revert de novo to arraignment because this was the severable point in the proceeding at which the former error infected judgment.

In United States v. Tateo, 377 U.S. 463, 84 S.Ct. 1587, 12 L.Ed.2d 448, we find:

"The Fifth Amendment provides that no 'person [shall] be subject for the same offence to be twice put in jeopardy of life or limb * * *.' The principle that this provision does not preclude the Government's retrying a defendant whose conviction is set aside because of an error in the proceedings leading to conviction is a well-established part of our constitutional jurisprudence. In this respect we differ from the practice obtaining in England. The rule in this country was explicitly stated in United States v. Ball, 163 U.S. 662, 671–672, 16 S.Ct. 1192, 1195, 41 L.Ed. 300, a case in which defendants were reindicted after this Court had found the original indictment to be defective. It has been followed in a variety of circumstances; see, e. g., Stroud v. United States, 251 U.S. 15, 40 S.Ct. 50, 64 L.Ed. 103, (after conviction reversed because of confession of error); Bryan v. United States, 338 U.S. 552, 70 S.Ct. 317, 94 L.Ed. 335 (after conviction reversed because of insufficient evidence); Forman v. United States, 361 U.S. 416, 80 S.Ct. 481, 4 L.Ed.2d 412 (after original conviction reversed for error in instructions to the jury).

"That a defendant's conviction is overturned on collateral rather than direct attack is irrelevant for these purposes, see Robinson v. United States, [6 Cir.,] 144 F.2d 392, 396, 397, aff'd on another ground, 324 U.S. 282, 65 S.Ct. 666, 89 L. Ed. 944. Courts are empowered to grant new trials under 28 U.S.C. § 2255, and it would be incongruous to compel greater relief for one who proceeds collaterally than for one whose rights are vindicated on direct review.

See also Anno. 75 A.L.R.2d 683, particularly § 7, p. 700, et seq.

■ We see no application here of any potential pleas of former jeopardy even if the appellant were to have properly proved a former judgment of conviction of second degree burglary; and, with an implicit acquittal of grand larceny and receiving stolen goods, Bell v. State, 48 Ala. 684, would not apply here. Brooks v. State, 42 Ala. App. 69, 152 So.2d 441, does.

## II.

■ The trial before the jury occurred January 12 and 13, 1966. Miranda v. State

of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, applies to trials after June 13, 1966, as required by Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882. See Mathis v. State, 280 Ala. 16, 189 So.2d 564, where we find:

> "There is nothing in the record indicating that Mathis, when he made the statements, either had a lawyer who was not permitted to be present, or requested a lawyer, or requested to see anyone."

Hence, Goolsby's pre-*Miranda* confession was admissible under the then extant Alabama practice. The fact that during in-custody interrogation the police did not advise Goolsby of having counsel or of being silent, was only a part of the totality. Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977, has been sufficiently discussed in Duncan v. State, 278 Ala. 145, 176 So.2d 840, Sanders v. State, 278 Ala. 453, 179 So.2d 35; Lokos v. State, 278 Ala. 586, 179 So.2d 714; *Mathis*, supra; Harris v. State, 280 Ala. 468, 195 So.2d 521; and Clark v. State, 280 Ala. 493, 195 So.2d 786.

### III.

■ Appellate counsel, extending their claim of double jeopardy, argue also that it was error for the trial judge to charge as to the elements of grand larceny and receiving, i. e., Counts Two and Three of the indictment.

No objection was made to the oral charge; the verdict was for Count One (second degree burglary). Hence, there is no error. Code 1940, T. 7, § 273.

### IV.

Aaron v. State, 43 Ala.App. 450, 192 So. 2d 456, was an appeal from denial of habeas corpus. There Aaron tried to contest a second sentence of five years.

The crime carried a possible maximum of twenty years. Two reasons were advanced to affirm: first, inadequate remedy, Rice v. Simpson, D.C., 271 F.Supp.

267; and, second, the time served plus the new time did not exceed twenty years. This latter was used to refute a claim of excess of jurisdiction as a basis for habeas corpus relief. City of Birmingham v. Perry, 41 Ala.App. 173, 125 So.2d 279.

The instant record, however, presents a direct appeal wherein our review is channeled by Code 1940, T. 15, § 389, which reads:

> "§ 389.—In cases taken to the supreme court or court of appeals under the provisions of this chapter, no assignment of errors or joinder in errors is necessary; but the court must consider all questions apparent on the record or reserved by bill of exceptions, and must render such judgment as the law demands. But the judgment of conviction must not be reversed because of error in the record, when the court is satisfied that no injury resulted therefrom to the defendant."

■ We find nothing to indicate that on allocutus the trial judge here made any enquiry as to the time served on the former conviction. As under Bryant v. State, 42 Ala.App. 219, 159 So.2d 627, failure to go into prior time shown by the official records of the Board of Corrections, we consider to be error requiring not reversal but remandment.

Harsher sentences consequent upon new trials have been viewed by some courts as clogs on the constitutional right of post conviction review. The problem is far from uniformly resolved. See State v. Turner, Or., 429 P.2d 565; State v. Wolf, 46 N.J. 301, 216 A.2d 586, 12 A.L.R.2d 970; Holland v. Boles, D.C., 269 F.Supp. 221; Patton v. State of North Carolina, D.C., 256 F.Supp. 225; United States ex rel. Starner v. Russell, 3 Cir., 378 F.2d 808. See Anno. 12 A.L.R.3d 978.

In fixing any sentence, we think that a trial court should be given latitude. For example, the evidence brought out on a full trial, such as was had here, may exhibit heinousness (or conversely factors of miti-

gation) not shown on a bare plea of guilty and a presentence investigation.

Certainly the sentencing authority can and should consider at least:

a) The circumstances of the crime;

b) The maximum and minimum punishment fixed by the Legislature;

c) The prospects of reformation;

d) Deterrence;

e) Other sentences in other cases;

g) Time served on a former conviction for the identical crime, including credit, if any, for good behavior; and

g) The condition of the defendant.

It would be mechanistic jurisprudence arbitrarily to require that the second sentence subtract prior time or that the former sentence be a Plimsoll loadline. There should be flexibility so that the second sentence should be based on considerations which seem best for society and the defendant at that time.

The judgment below is due to be affirmed as to conviction but the cause is remanded for resentencing in accordance with the foregoing.

Affirmed but remanded for resentencing.

After Remandment

CATES, Judge.

After our Supreme Court adopted the opinion of Judge Simmons, that court in its formal order October 3, 1968, 215 So.2d 602, ordered "that the opinion rendered by the Court of Appeals on November 28, 1967, be and is hereby modified so as to conform with the opinion rendered by the Court in this cause on this day."

Further, the Supreme Court went on to affirm the judgment of this Court.

Accordingly, this extension of opinion is entered to memorialize said modification. The cause is remanded to the Circuit Court for proper sentencing.