208 So.2d 238

**Ex parte Hillery O. BARNES.**

**1 Div. 327.**

Court of Appeals of Alabama.

March 12, 1968.

Hillery O. Barnes, in pro. per.

MacDonald Gallion, Atty. Gen., opposed.

CATES, Judge.

Barnes, in this proceeding, asks for original habeas corpus by the Supreme Court of Alabama. The clerk of that court has sent Barnes's application to us under the apparent belief that Code 1940, T. 13, § 96, controls.[1]

This, however, is not such a case since on its face Barnes's application shows that it belongs in neither the Supreme Court of Alabama nor in this court.

This because he complains of being held under a 1964 judgment which he asserts does not affirmatively order the prison warden to credit him with time served under the sentence voided by us in Barnes v. State, 42 Ala.App. 504, 169 So.2d 313. This first term was ten years of which Barnes claims that he served thirty-one months before it was set aside.

The only State court remedy—in the absence of fraud—is by way of direct appeal, which right expires six months after conviction. In Aaron v. State, 43 Ala.App. 450, 192 So.2d 456, we stated:

1. "§ 96. When any case is submitted to the supreme court which should have gone to the court of appeals, it must not be dismissed but shall be transferred to the proper court, and when any case is submitted to the court of appeals which should have gone to the supreme court it shall be transferred to the supreme court."

"Moreover, we do not think that Alabama affords, after motion for new trial wherein the trial judge's power over judgment is kept alive, any post conviction remedy to assert that a sentence is invalid because of a claim of excessiveness if the second sentence does not go beyond the statutory limit. Isbell v. State, 42 Ala.App. 498, 169 So.2d 27. Our Supreme Court has failed to adopt any general rule that our remedy of coram nobis automatically assimilates all rights imposed on state trials by the Fourteenth Amendment. See Wilson, Federal Habeas Corpus and the State Court Criminal Defendant, 19 Vand.L.Rev. 741.

"It is equally available to deduce that Aaron's second sentence of five years came from subtracting the time served on the first sentence as that the trial judge on his second arraignment used, as it were, a grab bag with twenty slips (one for each of the twenty possible years) and by blind chance took out a ticket calling for five years. We resolve against the latter as ignoratio elenchi and hence conclude there is no excess of jurisdiction.

"This question of power is the only consideration open on habeas corpus. Ex parte Tanner, 219 Ala. 7, 121 So. 423. A patently erroneous sentence merely void-

able is reviewable otherwise. See Ex parte Jenkins, 38 Ala.App. 117, 76 So.2d 858; Thomas v. State, 40 Ala.App. 697, 122 So.2d 535. In Isbell v. State, 42 Ala. App. 498, 169 So.2d 27, a coram nobis appeal, we affirmed though the punishment which led to original sentence was fixed by the judge on a plea of guilty to robbery."

See Goolsby v. State, 44 Ala.App. 535, 215 So.2d 598.

By way of dictum, since the second sentence is alleged to be only for five years, it would appear that Rice v. Simpson, D.C., 274 F.Supp. 116 (now on appeal) [2] has no application to Barnes's claimed grievance.

At the risk of giving unsolicited advice, we believe that Barnes, in order to seek Federal habeas corpus, is not required by Federal decisions or statutes to further pester State courts with the facts which he has laid before us in the application of instant concern.

It results that, inasmuch as Barnes's time for appeal has expired, his application is due to be dismissed.

Dismissed.

JOHNSON, J., concurs in result.

As a tertium quid, it is not at all beyond probability that the Legislature might make all felony punishments of indeterminate spans, allowing the Pardon and Parole Board to pass on a prisoner's fitness to return to society, much as the Federal Youth Corrections Act operates. See Brisco v. United States, 3 Cir., 368 F.2d 214; Rogers v. United States, 10 Cir., 326 F.2d 56; Standley v. United States, 9 Cir., 318 F.2d 700; Carter v. United States, 113 U.S.App.D.C. 123, 306 F.2d 283; Cunningham v. United States, 5 Cir., 256 F.2d 467.

2. That opinion relies much on Patton v. State of North Carolina, 4 Cir., 381 F. 2d 636, and Marano v. United States, 1 Cir., 374 F.2d 583, as to the first sentence being either a prima facie or conclusive Plimsoll mark for a second sentence after reversal.

Though we do not approve of harsher sentences after reversal merely to punish appellants, yet cases like *Patton* and *Marano* may encourage State trial judges to give longer sentences on original conviction. Such a result would be more oppressive than the chimera envisaged by Sobeloff, J., in *Patton*.