207 So.2d 134

**Harvey WEAVER**

v.

**STATE.**

3 Div. 334.

Court of Appeals of Alabama.

Feb. 6, 1968.

Geo. C. Brassell, Montgomery, for appellant.

MacDonald Gallion, Atty. Gen., and Paul T. Gish, Jr., Asst. Atty. Gen., for the State.

CATES, Judge.

This is a direct appeal from a judgment based on a plea of guilty to escape from the penitentiary. Code 1940, T. 14, § 153, as amended reads:

"§ 153. Any convict who escapes or attempts to escape from the penitentiary, or from any person or guard having him in charge under authority of law, either within or outside the walls of the penitentiary before the expiration of the term for which he was sentenced, shall, on conviction be imprisoned for an additional term of not less than one year."

Thus Weaver could have been sentenced to as little as twelve months (or certainly one year and a day) more in the penitentiary.[1] Or he could have been sentenced to a longer term up to and including life.

I.

The judgment entry reads:

"This day came the State by its Solicitor and came also the defendant in his own proper person and by his court appointed attorney, HENRY HELLER, and the said defendant having heretofore been duly arraigned upon the indictment for his plea thereto pleaded

---

1. Section 153, as amended, implies that, contrary to the general rule in Code 1940, T. 15, § 235, as amended (see Hanby v. State, 267 Ala. 69, 101 So. 562), the additional term of one year must be served in the penitentiary.

not guilty. And this being the date set for the trial of this cause, the defendant in open Court withdraws his plea of not guilty and pleads guilty as charged in the indictment.

"It is therefore considered and adjudged by the Court that the said defendant is guilty as charged in the indictment and the said defendant being asked by the Court if he had anything to say why the sentence of the law should not now be pronounced upon him, says nothing. It is therefore considered and adjudged by the Court and it is the judgment and sentence of the Court that the said defendant be imprisoned in the penitentiary of the State of Alabama for a term of THIRTEEN MONTHS; and before passing sentence the Court proceeded to ascertain by examination of such convict and other evidence that such convict was by occupation a LABORER, and that the cause of the commission of the crime was unknown; said convict is of male sex, negro race and is about 28 years of age and his physical condition is good."

Incorporated in this record is a court reporter's transcription of the trial judge's enquiry into Weaver's understanding of the effect of the pleas of guilty—and of not guilty:

"* * * Now, I granted you a new trial on the basis that you did not have an attorney the last time and the law says you are entitled to an attorney and I have now appointed you an attorney and you have two decisions to make this morning. The District Attorney is willing to allow you to take a minimum that you can get for escape from the penitentiary and that's thirteen months imprisonment in the penitentiary. If you have any dead time, you will get credit for it, once again. It doesn't put you in any worse position than you were before the writ was granted but if you want a trial on this matter, if you want a jury to try the case, we will let you have the jury try the case, *but don't think for a minute that you are going to get just thirteen months should the jury find you guilty.*

"THE DEFENDANT: (Unintelligible reply)

"THE COURT: Do you want thirteen additional months then?

"THE DEFENDANT: Yes.

"THE COURT: All right.

"THE CLERK: How old are you, Harvey?

"THE DEFENDANT: (Unintelligible reply)

"THE COURT: All right. Do you have anything else to say?

"THE DEFENDANT: (No reply)

"THE COURT: On your plea of guilty, the Court finds you guilty and sentences you to thirteen additional months imprisonment in the

"THE COURT: * * * penitentiary. Mr. Dean is sitting right here and he knows the rules and I am sure he will figure it out so you are not being penalized at all by it. All right. Next case." (Italics added.)

## II.

■ We hold that on the instant record Weaver's plea of guilty was coerced.

Aside from whatever intendment is to be accorded to the reference to the least punishment as being "thirteen months," certainly the italicized language shows a prejudgment prima facie working as a penalty for pleading not guilty.

In 1926 at the apogee of the Nine Old Men, the Supreme Court of the United States, per Mr. Justice Butler, said in Kercheval v. United States, 274 U.S. 220, 223, 47 S.Ct. 582, 583, 71 L.Ed. 1009:

"* * * A plea of guilty differs in purpose and effect from a mere admission or an extra-judicial confession; it is itself a conviction. Like a verdict of a jury it is conclusive. More is not required; the court has nothing to do but give judgment and sentence. Out of just consideration for persons accused of crime, courts are careful that a plea of guilty shall not be accepted unless made voluntarily after proper advice and with full understanding of the consequences. When one so pleads he may be held bound. United States v. Bayaud, 2 Cir., 23 F. 721. But, on timely application, the court will vacate a plea of guilty shown to have been unfairly obtained or given through ignorance, fear or inadvertence. Such an application does not involve any question of guilt or innocence. * * *"

In *Howard*, 280 Ala. 430, 194 So.2d 834, we find:

"An accused's plea of guilty may be accepted only if it is made voluntarily and knowingly. If it appears that a guilty plea is the product of coercion, either mental or physical, or was unfairly obtained or given through ignorance, fear or inadvertence, it is void since it is a violation of constitutional safeguards. * * *"

### III.

■ Counsel in brief claims that a second trial after coram nobis relief via Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, is double jeopardy. This contention we discussed in Goolsby v. State, 44 Ala.App. 535, 215 So.2d 598 (6 Div. 202, Ms., Nov. 28, 1967, on cert. in Sup.Ct. of Ala.). There we stated:

"When a defendant appeals from a judgment of conviction, he implicitly agrees in case of reversal to return to the stage of proceedings at which the reversible error occurred. A trial, after issue is joined, is of necessity treated as an indivisible unit.

"Hence, for error during trial the former jurors are not called back and testimony begun anew, rather we have a new writ, venire facias de novo or a new trial. Sewall v. Glidden, 1 Ala. 52; Grossman v. State, 241 Ind. 369, 172 N.E.2d 576.

"Under Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, Goolsby's first trial after the coram nobis judgment was a nullity because the court lacked one of its indispensable officers, an attorney for the defendant. We know that Gideon was retried—and acquitted.

"* * * on the second trial the cause would revert de novo to arraignment because this was the severable point in the proceeding at which the former error infected judgment.

"In United States v. Tateo, 377 U.S. 463, 84 S.Ct. 1587, 12 L.Ed.2d 448, we find:

"'The Fifth Amendment provides that no "person [shall] be subject for the same offence to be twice put in jeopardy of life or limb * * *." The principle that this provision does not preclude the Government's retrying a defendant whose conviction is set aside because of an error in the proceedings leading to conviction is a well-established part of our constitutional jurisprudence. In this respect we differ from the practice obtaining in England. The rule in this country was explicitly stated in United States v. Ball, 163 U.S. 662, 671–672, 16 S.Ct. 1192, 41 L.Ed. 300, a case in which defendants were reindicted after this Court had found the original indictment to be defective. It has been followed in a variety of circumstances; see, e. g., Stroud v. United States, 251 U.S. 15, 40 S.Ct. 50, 64 L.Ed. 103 (after conviction reversed because of confession of error); Bryan v. United States, 338 U.S. 552, 70 S.Ct. 317 (after conviction reversed because of insufficient evi-

dence)'; Forman v. United States, 361 U.S. 416, 80 S.Ct. 481, 4 L.Ed.2d 412 (after original conviction reversed for error in instructions to the jury).

" 'That a defendant's conviction is overturned on collateral rather than direct attack is irrelevant for these purposes, see Robinson v. United States, 6 Cir., 144 F.2d 392, 396, 397, aff'd on another ground, 324 U.S. 282, 65 S.Ct. 666, 89 L.Ed. 944. Courts are empowered to grant new trials under 28 U.S.C. § 2255, and it would be incongruous to compel greater relief for one who proceeds collaterally than for one whose rights are vindicated on direct review.'

"See also Anno. 75 A.L.R.2d 683, particularly § 7, p. 700, et seq."

Though Weaver on retrial is at liberty to file a plea of autrefois convict, we see on this record no reason for a trial court to grant it. We forego consideration of Weaver's collateral actions—original habeas corpus and certiorari. They are denied.

The judgment of conviction below is reversed and the cause is there remanded for new trial.

Reversed and remanded.