CATES, Judge.
This is a direct appeal from a judgment based on a plea of guilty to escape from the penitentiary. Code 1940, T. 14, § 153, as amended, reads:
“ § 153. Any convict who escapes or attempts to escape from the penitentiary, or from any person or guard having him in charge under authority of law, either within or outside the walls of the penitentiary before the expiration of the term for which he was sentenced, shall, on conviction be imprisoned for an additional term of not less than one year.”
Thus Kelly could have been sentenced to as little as twelve months (or certainly one year and a day) more in the penitentiary.[1] Or he could have been sentenced to a longer term up to and including life.
*276 In Howell v. State, 26 Ala.App. 612, 164 So. 764, we find:
*309 I.
The judgment entry reads:
“This day came the State by its Solicitor and came also the defendant in his own proper person and by his court appointed attorney, JOHN B. HILL, and the said defendant having heretofore been duly arraigned upon the indictment for his plea thereto pleaded not guilty. And this being the date set for the trial of this cause, the defendant in open Court withdraws his plea of not guilty and pleads guilty as charged in the indictment.
“It is therefore considered and adjudged by the Court that the said defendant is guilty as charged in the indictment and the said defendant being asked by the Court if he had anything to say why the sentence of the law should not now be pronounced upon him, says nothing. It is therefore considered and adjudged by the Court and it is the judgment and sentence of the Court that the said defendant be imprisoned in the penitentiary of the State of Alabama for a term of THIRTEEN MONTHS; and before passing sentence the Court proceeded to ascertain by examination of such convict and other evidence that such convict was by occupation a LABORER, and that the cause of the commission of the crime was unknown; said convict is of male sex, negro race and is about 45 years of age and his physical condition is good.” [2]
Also there is a transcription by the court reporter:
“DISTRICT ATTORNEY: The next case is No. 263, Robert Lee Kelly. Are you Kelly? Mike Blacker is his lawyer, your Honor.
“MR. BLACKER: Your Honor, this man has been misinformed or he just doesn’t understand. He said that on his Coram Nobis that he requested that the errors be corrected and I told him that he was granted a new trial and he didn’t want a new trial and that he understood that when the Coram Nobis was approved that the charges had to be withdrawn. Now he was on an escape in ’61 and picked up in Birmingham for Grand Larceny while on the escape. I just don’t seem to be able to get it across exactly what the situation is and that he has a choice of pleading guilty or not guilty.
“DISTRICT ATTORNEY: I think what his problem is in talking to Mr. Blacker, your Honor, he thought that when he filed a petition for Error Coram Nobis and it was granted that that did away with any future trials but, of course, it does not do away with a future trial. It merely sets that trial aside and we try him over again. Now, that’s the situation. We grant him an Error Coram Nobis and just because it didn’t go as far as he thought it would is his error and not ours.
“THE COURT: You are ready to try the man are you not ?
“DISTRICT ATTORNEY: No, sir.
We are going to have to ask for a continuance because we did not subpoena witnesses in this case because we thought he was going to plead guilty according to our understanding but he is not and so he is going to be in jail until * * *
“THE COURT: How much time — what sentence are you building right now?
“THE DEFENDANT: A sentence in ’64.
“THE COURT: For what?
“THE DEFENDANT: Escape.
“THE COURT: How much time did you get in ’64 for escape ?
“THE DEFENDANT: Thirteen months.
*310 “THE COURT: Thirteen months. Well, you would have built that time before now. So, you don’t even know what sentence * * *
“DISTRICT ATTORNEY: He had a burglary and grand larceny he had to serve before he started on that. He gets out in January of ’68.
“THE COURT: So he has not even on this sentence * * *
“DISTRICT ATTORNEY: Pie has not served a day on this sentence. That was set aside.
“THE DEFENDANT: He granted my writ which I started on * * *
“THE COURT: Well, now, you listen carefully to me because I am sure Mr. Blacker has explained it to you thoroughly and completely. You were given a new trial. That’s what you wanted. But you do not get out of this escape here back whenever it was. The minimum you can get out of it is thirteen months. Now, if you want to go ahead and take the District Attorney’s recommendation of an additional thirteen months — you don’t have any dead time at the present time, but if you come back and we cannot dispose of this case now under all the circumstances, if you are found guilty by a jury, you will get considerably more than thirteen months when I impose punishment. Now, it is up to you to make your decision. Do you want to take thirteen months now or do you want to come back and have a trial at the next term of court with a jury? Now, remember what is going to happen the next time you come back so don’t claim you don’t know what is happening as it is easy to understand and I am sure you understand it.
“(Off record discussion between Defendant and Counsel)
“MR. BLACKER: Is there a possibility of a concurrent sentence, your Honor?
“THE COURT: No. No possibility of that. I’m not even going to answer any
more questions. Either he can tell me he wants to accpet this agreement with the District Attorney or that he wants a new trial. That’s all the Court needs to know. Which do you want to do? Do you want to come back and try it in November or do you want to go ahead and take the thirteen months now? Which do you want to do ?
“THE DEFENDANT: Well, I * * *
“THE COURT: What?
“THE DEFENDANT: (Unintelligible
reply)
“THE CLERK: How old are you?
“THE DEFENDANT: Forty-five.
“THE COURT: Do you have anything else to say?
“THE DEFENDANT: No.
“THE COURT: On your plea of guilty, the Court finds you guilty and sentences you to thirteen additional months imprisonment. I have already looked into your record and don’t think for a minute you have served any dead time. Not any dead time whatsoever. All right. Next case.”
II.
We hold that on the instant record the trial judge ignored the mandate of Code 1940, T. 15, § 276, which reads:
“ § 276. If a defendant, when arraigned, refuses or neglects to plead, or stands mute, the court must cause the plea of not guilty to be entered for him.”
There is a patent conflict between the judgment entry and the colloquy recorded by the court reporter. The entry of a guilty plea at most could be implied from counsel’s language. Certainly there is no express plea shown by the court reporter.
In Boyd v. State, 41 Ala.App. 507, 138 So.2d 60, this court noted:
“When the defendant is arraigned and given an opportunity to plead, and he *311 only does so through his counsel and not in person, the matter stands as if the accused stood mute and the court may then order his plea of not guilty to be entered, as is required by the statute when no plea is entered by the defendant in person. 4 Wharton’s Criminal Procedure, p. 643, Sec. 1806; People v. Bowman, 81 Cal. 566, 22 P. 917.”
Necessarily, it follows that there can be no plea of guilty to a felony indictment unless made by the prisoner himself.
Moreover, there is a due process question. Garland v. State of Washington, 232 U.S. 642, 34 S.Ct. 456, 58 L.Ed. 772, rests on the premise that there can be no valid trial unless there is some opportunity to plead to an indictment or information. Hamilton v. State of Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114; Rulovitch v. United States, 3 Cir., 286 F. 315.
Standing mute at arraignment is no waiver of the right to plead. This, because § 276, supra, casts on muteness a mandatory gloss of pleading not guilty.
We consider that as in Howard v. State, 280 Ala. 430, 194 So.2d 834, the usual presumption of reliability attaching to a judgment has been overcome. There is nothing in the court reporter’s transcript other than the judge’s last remark to show that any plea had been entered either by counsel or appellant in propria persona
III.
Even if the Draconian rule of presumed verity raises the judgment entry above the evidence transcript, yet we consider this cause is due to be reversed.
In Weaver v. State, Ala.App., 207 So.2d 134[3] (Feb. 6, 1968), we said of a similar address of the court to the accused:
“We hold that on the instant record Weaver’s plea of guilty was coerced.
“Aside from whatever intendment is to be accorded to the reference to the least punishment as being ‘thirteen months,’ certainly the italicized language shows a prejudgment prima facie working as a penalty for pleading not guilty.
“In 1926 at the apogee of the Nine Old Men, the Supreme Court of the United States, per Mr. Justice Butler, said in Kercheval v. United States, 274 U.S. 220, 223, 47 S.Ct. 582, 583, 71 L.Ed. 1009:
“ ‘ * * * A plea of guilty differs in purpose and effect from a mere admission or an extra-judicial confession; it is itself a conviction. Like a verdict of a jury it is conclusive. More is not required; the court has nothing to do but give judgment and sentence. Out of just consideration for persons accused of crime, courts are careful that a plea of guilty shall not be accepted unless made voluntarily after proper advice and with full understanding of the consequences. When one so pleads he may be held bound. United States v. Bayaud, 2 Cir., 23 F. 721. But, on timely application, the court will vacate a plea of guilty shown to have been unfairly obtained or given through ignorance, fear or inadvertence. Such an application does not involve any question of guilt or innocence. * * *’
“In Howard, 280 Ala. 430, 194 So.2d 834, we find:
“ ‘An accused’s plea of guilty may be accepted only if it is made voluntarily and knowingly. If it appears that a guilty plea is the product of coercion, either mental or physical, or was unfairly obtained or given through ignorance, fear or inadvertence, it is void since it is a violation of constitutional safeguards. * * * > ”
 Viewed thus, it is apparent that even if the defendant did, in fact, plead guilty by some communication heard by the *312 judge and not by the reporter, then the plea of guilty was coerced. Clearly this inducement is not of record in the minute entry quoted above. Under all concepts advanced by the Supreme Court in Boykin v. State, Ala.Sup., 412 So.2d 207 (Feb. 8, 1968), this interstitial supplementation of the judgment is open to review.
The judgment below is reversed and the cause is remanded.
Reversed and remanded.
JOHNSON, J., concurs in the result and Part III of the foregoing opinion.

. Section 153, as amended, implies that, contrary to the general rtde in Code 1940, T. 15, § 235, as amended (see Hanby v. State, 267 Ala. 69,101 So. 562), the additional term of one year must be served in the penitentiary.

,. The evidence transcript shows the attendance of an attorney other than Mr. Hill. On appeal a third lawyer has ably briefed this case.

. Ante p. 268.