226 So.2d 94

**Claude GOODMAN, alias,**

v.

**STATE.**

**3 Div. 389.**

Court of Appeals of Alabama.

Aug. 19, 1969.

No appearance for appellant.

MacDonald Gallion, Atty. Gen., and Walter S. Turner, Asst. Atty. Gen., for the State.

CATES, Judge.

The February 1969 Grand Jury of Montgomery County indicted Goodman for having "amphetamine or barbiturate tablets." See Act 252, approved August 27, 1967, § 5 (c), the Alabama Drug Abuse Control Act, §§ 2 and 3 of which make possession in breach of § 5(c) a felony with punishment from two to twenty years.

The final judgment in the record before us reads, in part:

"ORDER OF COURT ON CORRECTED BENCH NOTES

"MONDAY, MARCH 17, 1969
"COURT MET PURSUANT TO ADJOURNMENT

"PRESENT THE HONORABLE RICHARD P. EMMET,
"JUDGE PRESIDING

"THE STATE
"# 4499 VS
"CLAUDE GOODMAN, alias

"OFFENSE—ILLEGAL POSS. OF NARCOTICS

"This day came the State by its Solicitor and came also the defendant in his own proper person and by attorney, and the defendant in open Court pleads not guilty. Thereupon the Court entered a plea of guilty for the defendant pursuant to an agreement heretofore made."

The purported prior agreement to plead guilty was made in November 1968, some three months *before* indictment. At that

time there was no charge in the circuit court.

Code 1940, T. 15, §§ 260 through 266, dispenses with indictments in non-capital felonies where a defendant wants to plead guilty *before* indictment. See Constitution 1901, § 8, as amended.

Of those provisions, § 262 states that the cognizant judge "shall not receive a plea of guilty by such defendant, unless counsel for defendant advises such plea and consents thereto." This plea is to the allegations of a court ordered information. No order therefor appears.

§ 263 calls for a formal order entered on the circuit court's minutes setting a day for the reception of the plea of guilty to the information. Then under § 264 the judge must come to the belief beyond a reasonable doubt of the defendant's guilt of the offense.

■ The procedure called for in §§ 260–266, supra, was not employed in this case; hence, the court enforced plea of guilty was only the trial judge's fiat and not in any wise the act of the defendant.

■ At a felony arraignment, the only plea which a court can enter without the defendant's express pronouncement is one of not guilty for a mute defendant. Code 1940, T. 15, § 276. See Boyd v. State, 41 Ala.App. 507, 138 So.2d 60; Kelly v. State, 44 Ala.App. 307, 208 So.2d 217.

We have decided this case without reference to Boykin v. Ala., 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274.

The judgment below is reversed and the cause is remanded for new trial.

Reversed and remanded.