DeCARLO, Judge.
These appeals involve two escapes and are submitted to this court on oral argument. For the purposes of oral argument these cases, 8 Div. 285 and 8 Div. 286, were consolidated. The two cases are now consolidated for the purpose of appellate review.
*162 While serving a forty-year sentence for a first degree burglary conviction, appellant escaped from the Lauderdale County Jail. He was charged with the offense of escape and, at arraignment, pleaded guilty to the charge. Sentencing was postponed to a later date. Prior to sentencing in the first escape case, appellant escaped a second time. He was charged with escape, and, at arraignment, pleaded not guilty to the second escape charge.
In the first escape case, appellant was sentenced to forty-five years to run concurrently with the forty-year burglary sentence. Appellant was later, in a non-jury trial, convicted of the second escape and sentenced to forty-five years to run concurrently with the forty-five year sentence in the first escape conviction, and a forty-year sentence in the burglary conviction.
The record reflects that the trial judge, when sentencing the appellant, considered the following facts: (1) A second escape prior to sentencing for the first escape, (2) the pending rape charge against appellant, (3) the safety of the community and (4) the deterrence factor of such sentence.
I
Appellant’s contentions are that a forty-five year sentence for escape conviction constitutes an abuse of the trial court’s discretion due to the excessiveness of the sentence in light of the crime and that such a sentence constitutes cruel and unusual punishment.
The appellant was convicted under § 13-5-65 of the Alabama Code 1975, which reads as follows:
“Any convict who escapes or attempts to escape from the penitentiary or from any person or guard having him in charge under authority of law, either within or outside the walls of the penitentiary, before the expiration of the term for which he was sentenced, shall on conviction, be imprisoned for an additional term of not less than one year.”
In Weaver v. State, 44 Ala.App. 268, 207 So.2d 134, this court, interpreting the above statute, stated that a prisoner convicted for escape “could have been sentenced to as little as twelve months more in the penitentiary. Or he could have been sentenced to a longer term up to and including life.” See also, Kelly v. State, 44 Ala.App. 307, 208 So.2d 217.
In Lee v. State, 37 Ala.App. 321, 69 So.2d 467, this court held that it is “the prerogative of the trial court to assess such punishment, within legal limits, as sound discretion should dictate.” And that “where a trial court acts within the limits provided by statute in imposing punishment, his discretion is not reviewable or revisable.” See Hosey v. State, Ala.Cr.App., 344 So.2d 1230.
In light of § 13-5-65, Code of Alabama 1975; Weaver, supra, and Lee, supra, we find that the trial court did not abuse its discretion in sentencing appellant to two forty-five year terms to run concurrently with the forty-year burglary sentence.
In response to appellant’s contention that the forty-five year sentence constituted cruel and unusual punishment, we find that the sentences were clearly within the limits authorized by § 13-5-65 and:
“[Wjhere the punishment prescribed by the Legislature is severe merely by reason of its extent, as distinguished from its nature, there is no collision with the Eighth Amendment.” Messelt v. State, Ala.Cr.App., 351 So.2d 636.
Therefore, the judgment of conviction by the Lauderdale Circuit Court is affirmed.
AFFIRMED.
All the Judges concur.