462 So.2d 955 (1984)
J.T. ALEXANDER
v.
STATE.
8 Div. 81.
Court of Criminal Appeals of Alabama.
May 8, 1984.
On Return to Remand November 27, 1984.
Rehearing Denied January 22, 1985.
*956 J.T. Alexander, pro se.
Wesley M. Lavender and J. Leslie Doss, Decatur, and Rod M. Alexander, Moulton, for appellant.
Charles A. Graddick, Atty. Gen. and Patricia E. Guthrie, Asst. Atty. Gen., for appellee.
PATTERSON, Judge.
Alexander appeals the trial court's summary dismissal of his pro se petition for writ of error coram nobis. In attacking his 1982 conviction for escape, Alexander alleged that (1) the trial court and his court-appointed attorney used mental coercion to force him into pleading guilty; (2) his counsel was ineffective by applying such mental coercion and acquiescing to the trial judge's use of coercion; and (3) his two prior felony convictions were improperly used to enhance his punishment because they occurred prior to the enactment of the Habitual Felony Offender Act. In support of his first two allegations, Alexander claimed that his attorney conveyed to him the trial judge's message that he had better change his plea to guilty or he would get the maximum sentence. He further alleged that the trial judge expressed the same warning in his presence and that, if his attorney and the trial judge had not applied this coercion, he would not have changed his plea to guilty.
In dismissing Alexander's petition, the trial court granted the State's motion to strike the petition on the ground that the claims were res judicata. The court made the factual finding that the allegations in the present petition are the same as those raised in a 1982 petition for writ of error coram nobis. This 1982 pro se petition attacked the same conviction on various grounds, including the allegations that (1) the Habitual Felony Offender Act was unconstitutionally applied and (2) his guilty plea was the result of coercion. The claim of ineffective counsel was not raised. This first petition was summarily denied on the State's motion to strike. The motion set forth four grounds, as follows: (1) Alexander's allegations fail to set forth particular facts; (2) the petition contains no allegation and proof of a valid defense; (3) Alexander was represented by his attorney; and (4) Alexander did not appeal his conviction and coram nobis is not intended as a substitute for appeal. The trial court's denial of this first petition was affirmed by this court without opinion. Alexander v. State, 434 So.2d 869 (Ala.Cr.App.1983).
It is a well-settled rule that matters adjudicated in a hearing on a petition for writ of error coram nobis are considered *957 "quasi res judicata;" in other words, repeated applications or petitions merely resting on the same allegations which have been previously adjudicated should not be entertained. See McCray v. State, 282 Ala. 315, 211 So.2d 450 (1968); Bies v. State, 418 So.2d 940 (Ala.Cr.App. 1982); Allen v. State, 42 Ala.App. 9, 150 So.2d 399, cert. denied, 275 Ala. 691, 152 So.2d 439, cert. denied, 374 U.S. 854, 83 S.Ct. 1922, 10 L.Ed.2d 1074 (1963). The doctrine of res judicata bars reconsideration of an issue if four elements are present: (1) a prior judgment rendered by a court of competent jurisdiction; (2) substantial identity of the parties; (3) identity of the issues; and (4) prior judgment rendered on the merits. See Ozley v. Guthrie, 372 So.2d 860 (Ala.1979). Hence, the provision that the trial court need not entertain a second or successive petition presupposes adequate consideration of the merits of the first petition; if the judgment rendered is not on the merits, the defense of res judicata fails.
This adjudication on the merits is a consideration delineated in Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963), in determining whether an issue in a federal post-conviction relief petition should be barred as successive. There, the United States Supreme Court stated:
"Controlling weight may be given to denial of a prior application for federal habeas corpus or § 2255 relief only if (1) the same ground presented in the subsequent application was determined adversely to the applicant on the prior application, (2) the prior determination was on the merits, and (3) the ends of justice would not be served by reaching the merits of the subsequent application." Id. at 15, 83 S.Ct. at 1077.
The Sanders Court recognized two instances in which the denial of a prior application raising factual issues may be considered to have been "on the merits" within the meaning of the second guideline: (1) if the court in the earlier proceedings denied relief after finding that the files and records conclusively resolved the issues, or (2) if relief was denied after an evidentiary hearing. Id. at 16, 83 S.Ct. at 1077. The Court ruled that a petitioner cannot be denied an evidentiary hearing on his second or successive petition unless the petition is shown to be conclusively without merit on the basis of the application, files, and records of the case or unless the three conditions are present to deny the petition on "res judicata" principles. Id. at 15, 83 S.Ct. at 1077.
In view of the foregoing principles, we find that the trial court erroneously denied Alexander's petition on the basis that it was a second and successive petition asserting the same grounds. We do not look upon the denial of Alexander's first petition without a hearing as such a consideration as would relieve the court of its duty to entertain the second petition. The court's denial of the first petition was certainly not a determination on the merits; rather it was merely a refusal to entertain the petition because of its deficiencies. Accordingly, the refusal to consider the second petition on this ground cannot be sustained. Furthermore, Alexander is entitled to a hearing on his second petition because the second petition made factual allegations which, if true, would entitle him to relief and which are not shown by the petition, files, and records to be conclusively without merit.
The Attorney General argues that we cannot review a conviction based upon a guilty plea on a collateral attack after the time for direct appeal has lapsed and no appeal was taken. The opinion of Kilgore v. State, 342 So.2d 947 (Ala.Cr.App.), cert. denied, 342 So.2d 949 (Ala.1977), is cited as authority for this proposition. We believe that this case stands for the proposition that only those coram nobis petitions asserting issues which could have been raised on appeal are barred from collateral consideration.
Accordingly, we remand this cause to the trial court with directions that an evidentiary hearing be held at which Alexander is present and represented by counsel.
REMANDED WITH DIRECTIONS.
All the Judges concur.

*958 On Return to Remand

PATTERSON, Judge.
Appellant was appointed counsel and an evidentiary hearing was held in this cause as instructed by this court and appellant was given an opportunity to substantiate the claims he asserted in his petition for writ of error coram nobis. The only claim made by appellant which can be properly reviewed on writ of error coram nobis is his claimed ineffective assistance of counsel due to his appointed counsel's applying mental coercion and the trial judge's use of coercion in obtaining appellant's plea of guilty to escape in 1982. Appellant's claim of his prior felony convictions being improperly used to enhance his punishment because they occurred prior to the enactment of the Habitual Felony Offender Act, is an issue properly raised on appeal, which appellant failed to do. The writ of error coram nobis does not provide a review by appeal where the complaining party has not sought an appeal and the time for an appeal has long since expired. Corley v. State, 397 So.2d 223 (Ala.Crim.App.1981); Kilgore v. State, 342 So.2d 947 (Ala.Crim. App.1977). Regardless of this well known rule, appellant's contention is without merit, being foreclosed by James v. State, 405 So.2d 71, 74 (Ala.Crim.App.1981), wherein we held that "the Habitual Felony Offender Act was to authorize the infliction of a more severe penalty on one who is a persistent offender regardless of when the prior convictions occurred and even if they occurred before the enactment of the act."
The transcript of the proceeding wherein appellant entered his guilty plea to escape, which was introduced at the coram nobis hearing, and is before us, indicates that appellant was facing two charges of escape in the first degree. On one charge, appellant pleaded guilty to escape in the second degree and the second charge was reduced to resisting arrest, a misdemeanor, to which appellant also pleaded guilty. Appellant was informed of his Boykin rights by the trial judge and further told he was to be sentenced in accordance with the Habitual Felony Offender Act. See Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Appellant admitted his guilt, stating, "I don't remember what I done it for, but I got a hacksaw blade and sawed the window out and went out," and stated he was gone from jail "about seven months." The trial court specifically asked if anyone had threatened or coerced appellant into pleading guilty, to which appellant responded, "No, sir." Appellant then admitted in open court to four prior felony convictions. The court then sentenced appellant to fifteen years for escape in the second degree, which was the minimum sentence under the Habitual Felony Offender Act. Appellant was then sentenced to twelve months on the resisting arrest charge, which was to run concurrent with the escape sentence.
Thus, appellant received a reduction of both charges and the minimum sentence allowable under the Habitual Felony Offender Act. The consequences to appellant could have been much more severe, i.e., he could have had a maximum sentence of 99 years imposed upon him for each of the two charges of escape in the first degree. It is our opinion that appellant's appointed trial attorney worked out a very attractive plea bargain arrangement for his client under the circumstances.
During the evidentiary hearing held on this matter, appellant testified that his court appointed attorney explained the elements of the offense of escape in the first degree. He was further informed of the application of the Habitual Felony Offender Act. It clearly appears that appellant intelligently and voluntarily entered into the guilty plea. In the record, we find the following testimony:
"Q. Did you maintain that not guilty plea and go to trial?
"A. No, sir.
"Q. What happened?
"A. I changed my mind and plead guilty.
"Q. Why did you change your mind?
"A. Well, because I did escape. I knowed that if I took it to trial, I knowed that I would lose and wind up with ninety-nine *959 years; that fifteen years was better than ninety-nine."
On cross-examination, appellant reaffirmed that he had no defense to the escape charges and that he had escaped as charged. Appellant's claim of innocence in his petition was an obvious falsehood.
Appellant's testimony as to his being coerced by his counsel and the trial court consisted of claimed conversations with his court appointed attorney and the trial judge. Appellant stated that his court appointed attorney, "told me that I did escape and that it was going to be hard to beat; that the best thing to do would be to go ahead and plead guilty." Appellant testified that he was told this twice; once while in jail and once just before the plea was taken. Appellant further stated that, in explaining the application of the Habitual Felony Offender Act, his court appointed attorney told him that he was subject to a minimum of fifteen years and a maximum of ninety-nine years. There was no testimony to the effect that appellant's court appointed attorney threatened him with a ninety-nine year sentence if the case went to trial.
Appellant's testimony concerning coercion by the trial judge is as follows:
"A. Well, when I come up here to court I pleaded not guilty, and Judge Burney told me that my lawyer said that I was going to plead guilty, and I told him that I wasn't. And he threatened to take it to court by jury trial and found guilty that I was going to get the maximum, which would be ninety-nine years.
"Q. And is it after that that you decided to change your plea?
"A. Yes, sir.
"Q. And had it not been for those statements? you would not have plead guilty?
"A. No, sir."
These alleged statements by the trial judge would constitute coercion and thus require reversal if true. Kelly v. State, 44 Ala. App. 307, 208 So.2d 217 (1968); Weaver v. State, 44 Ala.App. 268, 207 So.2d 134 (1968). However, appellant's attorney testified that no such statements were made by the trial judge, and we have carefully searched the transcript of the guilty plea proceeding and find that the record is devoid of any such statements or conversations.
In reviewing the facts or lack of facts disclosed by the evidentiary hearing, we are guided by the following principles:
"In a coram nobis proceeding the petitioner bears the burden of submitting clear, full and satisfactory proof. The degree of proof is `highly exacting' as to facts and `always means more than reasonably satisfying' the judge of the truth of his allegations. [Citation omitted.] In reviewing the allegations contained in a petition for writ of error coram nobis, the trial court's judgment is presumed correct as is the voluntariness of a guilty plea. [Citations omitted.]"
Chapman v. State, 412 So.2d 1276, 1277 (Ala.Crim.App.1982).
Our review convinces us that the appellant's claim of ineffective assistance of counsel is without merit. His counsel did an admirable job of representing appellant's best interest under the facts and circumstances of his case.
In order for a convicted defendant to succeed on a claim of ineffective counsel, he must not only show that counsel's performance fell below an objective standard of reasonableness, but he must also show there is a reasonable probability that but for the deficient performance, the result of the proceedings would have been different. Strickland v. Washington, ___ U.S. ___, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The appellant has utterly failed to demonstrate that his counsel fell below the standard for reasonably effective assistance.
Furthermore, appellant's claimed involuntary guilty plea is simply not supported by the record. We have thoroughly reviewed the record and are convinced that the only mental coercion present was a product of appellant's after-the-fact imagination. We are convinced that appellant intelligently and voluntarily entered into the guilty pleas in order to obtain a lesser *960 sentence. This is clearly evidenced by appellant's own testimony. "A guilty plea is not invalid because motivated by a desire to obtain a lesser sentence". Little v. State, 426 So.2d 527 (Ala.Crim.App.1983). We have carefully reviewed the record and find no error prejudicial to the appellant. Therefore the judgment of the Lawrence Circuit Court dismissing appellant's writ of error coram nobis is due to be, and is hereby, affirmed.
AFFIRMED.
All Judges concur.