827 So.2d 869 (2001)
Randall Lee WHITT
v.
STATE.
CR-00-0105.
Court of Criminal Appeals of Alabama.
August 31, 2001.
Rehearing Denied December 14, 2001.
Certiorari Denied February 22, 2002.
*870 Randall L. Whitt, pro se.
Bill Pryor, atty. gen., and Hense R. Ellis II, asst. atty. gen., for appellee.
Alabama Supreme Court 1010686.
COBB, Judge.
Randall Lee Whitt appeals the circuit court's summary denial of his Rule 32, Ala.R.Crim.P., petition seeking postconviction relief from his November 1, 1996, convictions for capital murder and attempted *871 murder and his sentences of life imprisonment without the possibility of parole and life in prison, respectively. Whitt's convictions and sentences were affirmed on direct appeal. Whitt v. State, 733 So.2d 463 (Ala.Crim.App.1998).[1] The certificate of judgment was issued on April 23, 1999. Whitt filed a prior Rule 32 petition presenting a laundry list of claims that included several claims alleging ineffective assistance of trial counsel. The circuit court summarily denied that petition on April 26, 2000. Whitt did not appeal from the denial. The instant petition was deemed filed on July 14, 2000.
Whitt presented two claims in the present petition. Whitt claimed that the trial court did not have jurisdiction to render a judgment or to impose the sentence because, he said, the indictment failed to charge an offense. He also presented numerous claims alleging that appellate counsel on direct appeal had been ineffective for failing to allege numerous instances of ineffective assistance of trial counsel. The State filed a motion to dismiss the petition, and the circuit court issued a written order addressing only Whitt's claim that appellate counsel had been ineffective. The circuit court summarily dismissed the petition, ruling that no purpose would be served by any further proceedings because the petition was procedurally barred pursuant to Rule 32.2(a)(4) (it presented an issue that was raised or addressed on appeal); Rule 32.2(a)(5) (the grounds could have been raised on direct appeal, but were not); Rule 32.2(b) (the petition is successive because all the claims were known to exist at the time that the first petition was filed but the claims were not raised in the first petition); and Rule 32.7(d) (no material fact or law exists which would entitle Whitt to relief).
Whitt claims on appeal:
1) That the circuit court erred in summarily denying the petition without considering petitioner's response to the State's motion to dismiss because, he says, petitioner's claims were meritorious on their face and not subject to summary denial.
2) That the circuit court erred in denying the petition as successive where the State did not assert that the prior petition had been adjudicated on the merits.
3) That the circuit court erred in not accepting the truth of the claims in the petition and not setting the petition for an evidentiary hearing because the State failed to specifically refute the claims.
4) That Whitt is entitled to an evidentiary hearing, he says, on the claims presented in his petition because the State did not refute the claims, the claims were facially meritorious, and the trial court's jurisdiction was challenged.
We do not find that Whitt is entitled to postconviction relief.

I.[2]
Regarding claims 1, 3, and 4, we note that:
*872 Rule 32.7(d), A.R.Crim.P., permits the trial court to dismiss the petition "if the court determines that the petition is not sufficiently specific, or is precluded, or fails to state a claim, or that no material issue of fact or law exists which would entitle the petitioner to relief under this rule and that no purpose would be served by any further proceedings."
"The circuit court need not require a response from the district attorney before it denies a Rule 32 petition. `Where a simple reading of the petition for post-conviction relief shows that, assuming every allegation of the petition to be true, it is obviously without merit or is precluded, the circuit court [may] summarily dismiss that petition without requiring a response from the district attorney.' Bishop v. State, 608 So.2d 345 (Ala.1992) (quoting Bishop v. State, 592 So.2d 664, 667 (Ala.Cr.App.1991) (Bowen, J., dissenting))."
Tatum v. State, 607 So.2d 383, 384 (Ala. Crim.App.1992).
Thus, if from the face of the petition, a circuit court can determine that the petition is precluded, such as where the claims are presented in a successive petition, then a court may summarily dismiss the petition without considering the petitioner's response to the State's motion to dismiss, without requiring the State to specifically refute the claims, and without granting an evidentiary hearing on the claims.
In the present case, the circuit court addressed only Whitt's claim that his appellate counsel was ineffective. The circuit court determined that this claim was procedurally barred because this claim was raised or addressed on appeal, Rule 32.2(a)(4); this claim could have been raised on direct appeal, but was not, Rule 32.2(a)(5); and this petition was a successive petition because all the claims were known to exist at the time that the first petition was filed, but the claims were not raised in the first petition, Rule 32.2(b). The circuit court erred in holding that Whitt's ineffective-assistance-of-appellate-counsel claim was procedurally barred by both Rules 32.2(a)(4) and 32.2(a)(5). Rules 32.2(a)(4) and (5) are mutually exclusive. "[I]t is a factual impossibility" to bar relief because a claim was raised on direct appeal and because it could have been, but was not, raised on direct appeal. Owens v. State, 659 So.2d 977, 978 (Ala.Crim.App. 1994). Moreover, Whitt's first opportunity to raise an ineffective-assistance-of-appellate-counsel claim was in a Rule 32 petition, not on direct appeal; thus, the claim would not be barred by either Rule 32.2(a)(4) or 32.2(a)(5). See, Alderman v. State, 647 So.2d 28, 31 (Ala.Crim.App.1994) (appellant properly raised his claims regarding the ineffectiveness of his appellate counsel in the Rule 32 petition because that was his first opportunity to present the claims to the trial court). Thus, in order to affirm the circuit court's summary dismissal of Whitt's petition, we must determine whether, as Whitt claims on appeal, the circuit court incorrectly ruled that Whitt's ineffective-assistance-of-appellate-counsel claim is procedurally barred because it was presented in a successive petition.
Rule 32.2(b), Ala.R.Crim.P., states:
"The court shall not grant relief on a second or successive petition on the same or similar grounds on behalf of the same petitioner. A second or successive petition on different grounds shall be *873 denied unless the petitioner shows both that good cause exists why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and that failure to entertain the petition will result in a miscarriage of justice."
In response to Whitt's petition, the State asserted, in pertinent part, the following:
"Petitioner's allegations are precluded by Rule 32.2(b) because they are successive. A second or successive petition on the [sic] different grounds shall be denied unless the Petitioner shows ... that good cause exists why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard. The Petitioner admits that he knew of all these claims at the end of his trial, else why would he make an oral motion for a New Trial on the grounds of ineffective assistance of counsel. All of these grounds were either brought up in the petitioner's first Rule 32 motion, direct appeal, or were known to exist at the time that the first Rule 32 motion was filed and therefore should have been filed in that petition. Therefore, the State respectfully submits that the Petitioner's allegation is precluded and must be summarily dismissed pursuant to Rule 32.7(d) because the Petition is successive."
C.R. 87.
Whitt contends on appeal that the State did not argue that Whitt's prior petition had been adjudicated on the merits and that such an argument is a prerequisite to the court's holding a petition successive. In support of his argument, Whitt cites Blount v. State, 572 So.2d 498 (Ala.Crim. App.1990). Blount appealed from the summary denial of what was essentially his third postconviction petition. In his third petition, Blount alleged that he had been denied his constitutional right to effective assistance of his appointed counsel at trial. The State moved for dismissal of the petition on the grounds that it lacked specificity and constituted a successive petition. The trial court entered an order denying the petition, in part, because it was successive within the meaning of Rule 20.2(b) (now Rule 32.2(b)), because Blount had previously filed a petition alleging the same or similar grounds.
In 1990, this Court did not agree with the trial court's denial of Blount's petition on the grounds that the petition was successive under Rule 20.2(b), because, Blount's claims, which were the same or similar to claims asserted in prior postconviction petitions, had never been adjudicated on the merits in any previous petition. In regard to that court's holding, we stated:
"We construe Rule 20.2(b) [now Rule 32.2(b) ] to require that, before a subsequent petition can be deemed successive, a previous petition must have been considered on its merits. In other words, a second or successive petition on the same or similar grounds cannot be deemed procedurally barred unless the same or similar grounds asserted in a prior petition were adjudicated on their merits. In addition, a second or successive petition on different grounds cannot be procedurally barred unless the prior petition was adjudicated on its merits and petitioner shows `both that good cause exists why the new ground or grounds were not known or could not have been ascertained through reasonable diligence ..., and that failure to entertain the petition will result in a miscarriage of justice,' Rule 20.2(b). Thus, the first inquiry in determining whether a subsequent petition, on the same or on different grounds, is successive *874 is whether a prior petition was decided on its merits."
Blount v. State, 572 So.2d 498, 500-01 (Ala.Crim.App.1990) (emphasis added).
Since its release, Blount has been cited for the proposition that "the first inquiry in determining whether a subsequent petition, on ... different grounds, is successive is whether a prior petition was decided on its merits." Blount, 572 So.2d at 500-01. (Emphasis added.) We held that support for this holding was found in this court's earlier decisions concerning successive petitions for writs of error coram nobis. We stated in Blount that "[t]he wellsettled rule was that repeated applications for writs of error coram nobis resting on the same allegations, which had been previously adjudicated, should not be entertained because of the doctrine of res judicata; however, the rule which provided that the trial court need not entertain a second or successive petition presupposed adequate consideration of the merits of the first petition and, if the judgment rendered was not on the merits, the defense of res judicata failed." Blount, 572 So.2d at 501. Blount relied on Alexander v. State, 462 So.2d 955 (Ala.Crim.App.1984). In that case, the circuit court dismissed Alexander's petition for a writ of error coram nobis because "[t]he court made a factual finding that the allegations in the present petition are the same as those raised in a [prior] petition for a writ of error coram nobis." 462 So.2d at 956. (Emphasis added.) Relying on Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963), and its interpretation of federal habeas corpus law, we held in Alexander that the circuit court had erred in dismissing the petition as successive because a prior petition asserting the same grounds was not disposed of on the merits. Blount also relied on Sanders as authority for its holding; thus, we will briefly discuss the changes in federal habeas law since Sanders, because it is relevant to our analysis.
Since Blount's reliance on Sanders, the United States Supreme Court, in McCleskey v. Zant, 499 U.S. 467, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991), held that in order to excuse a federal habeas petitioner's "failure to raise [a new claim in a second or subsequent petition, he] must show cause for failing to raise [the new claim in a prior petition] and prejudice." McCleskey, 499 U.S. at 494, 111 S.Ct. 1454. (Emphasis added.) The United States Court of Appeals for the Eleventh Circuit Court analyzed this change in federal habeas law as follows.
"Under pre-McCleskey law, as the Court had stated in Sanders v. United States, 373 U.S. 1, 18, 83 S.Ct. 1068, 1079, 10 L.Ed.2d 148 (1963), the principles governing abuse of the writ[[3]] were `addressed to the sound discretion of the federal trial judges. Theirs is the major responsibility for the just and sound administration of the federal collateral remedies, and theirs must be the judgment as to whether a second or successive application shall be denied without consideration of the merits.' So it was three decades ago and up through the time of our own decision in the McCleskey case. McCleskey v. Zant, 890 F.2d 342, 347 (11th Cir.1989) (`Whether a second or subsequent petition is to be dismissed on abuse of the writ grounds is left to the sound discretion of the district court.') All of that changed with the Supreme Court's McCleskey decision which materially altered the doctrinal landscape for abuse of the writ law and *875 in doing so narrowed to the point of extinction the range of choice and the amount of discretion district courts have in ruling on abuse of the writ issues.
". . . .
"A habeas court may reach the merits of a claim not raised in a previous petition only if the petitioner establishes both cause and prejudice, or shows that the fundamental miscarriage of justice, or actual innocence, exception applies. McCleskey v. Zant, 499 U.S. 467, 494-95, 111 S.Ct. 1454, 1470, 113 L.Ed.2d 517 (1991)."
Macklin v. Singletary, 24 F.3d 1307, 1312-13 (11th Cir.1994), cert. denied, 513 U.S. 1160, 115 S.Ct. 1122, 130 L.Ed.2d 1085 (1995).
Because the reasoning underlying Blount was abrogated by McCleskey, it is appropriate to reconsider our own analysis of successive petitions. Rule 32.2(b) is composed of two parts, and each part is a single sentence the applicability of which is determined by whether or not a particular claim has been presented in a previous petition. The first part of Rule 32.2(b), which pertains to claims that have been raised in a previous petition, states: "The court shall not grant relief on a second or successive petition on the same or similar grounds on behalf of the same petitioner." The second part of Rule 32.2(b), which pertains to claims that were not raised in a previous petition, states: "A second or successive petition on different grounds shall be denied unless the petitioner shows both that good cause exists why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and that failure to entertain the petition will result in a miscarriage of justice."
A relatively recent Alabama Supreme Court case, Ex parte Walker, 800 So.2d 135 (Ala.2000),[4] makes it clear that, for purposes of applying the procedural bar in Rule 32.2(b), the claims in a Rule 32 petition should be considered separately, and not collectively. The separate consideration of claims in a "successive petition" necessarily entails a determination of which part of Rule 32.2(b) applies to a particular claim.
It is well settled under Alabama caselaw that where a particular claim in a Rule 32 petition has been raised in a previous petition (i.e., the claim falls under the first part of Rule 32.2(b)), for that claim to be precluded as successive under Rule 32.2(b), the claim must have been decided on the merits in the previous petition. See Ex parte Walker, citing Blount v. State, 572 So.2d 498 (Ala.Crim.App.1990). However, where a particular claim in a petition is new and was not raised in a previous petition (i.e., the claim falls under the second part of Rule 32.2(b)), the "decided-onthe-merits" requirement is obviously inapplicable, because the claim is being raised for the first time. Under the second part of Rule 32.2(b), any new claim in a "second or successive petition" is precluded as successive unless the petitioner can "show[ ] both that good cause exists why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and that failure to entertain the petition will result in a miscarriage of justice."
*876 The scope of the first part of Rule 32.2(b) is similar to that of the successive-petition doctrine in federal habeas corpus law, while the scope of the second part of Rule 32.2(b) is similar to that of the abuse-of-the-writ doctrine in federal habeas corpus law. See McCleskey v. Zant, 499 U.S. 467, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991). See also McCleskey v. Zant, 890 F.2d 342, 346 (11th Cir.1989) ("A `successive petition' is one that raises a claim already adjudicated through a prior petition, while a petition that raises grounds for relief not raised in the prior petition is analyzed as an `abuse of the writ.'").
Thus, Blount is hereby overruled to the extent that it states that a subsequent petition on different grounds is not successive unless a prior petition was decided on its merits. We now interpret Rule 32.2(b) as federal courts interpret habeas corpus petitions to mean that new claims in subsequent petitions are barred as being successive unless "the petitioner shows both that good cause exists why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and that failure to entertain the petition will result in a miscarriage of justice." Rule 32.2(b), Ala.R.Crim.P.
Here, the circuit court correctly ruled that Whitt's claims of ineffective assistance of appellate counsel were successive under Rule 32.2(b) because they could have been raised in his first Rule 32 petition. Whitt's ineffective-assistance-of-appellate-counsel claims that were not raised in the previous petition are procedurally barred pursuant to the second part of Rule 32.2(b) because Whitt made no attempt to show cause why the claims could not have been raised in his previous petition or to show that failure to entertain the new claims would result in a miscarriage of justice.[5] Thus, we affirm the circuit court's ruling that Whitt's ineffective-assistance-of-appellate-counsel claim is procedurally barred because it has been presented in a successive petition.

II.
Whitt also claims that he is entitled to relief for the reasons he presented in claims 1, 3, and 4, because his petition challenged the trial court's jurisdiction to render a judgment and to impose sentence. Whitt claims that the indictment charging him with capital murder was void because it did not allege the elements of robbery in the first degree. Specifically, Whitt argued that the indictment was void because it failed to cite § 13A-8-43(a), Ala.Code 1975, the statute defining robbery in the third degree and because the indictment failed to set out the elements of robbery in the third degree. Jurisdictional matters may be raised at any time. See Rule 15.2(d), Ala.R.Crim.P. The trial court did not address this claim in its order. Nevertheless, the circuit court was correct in summarily dismissing the petition. See Hoobler v. State, 668 So.2d 905, 908-09 (Ala.Cr.App.1995) (if the circuit court's ruling is correct for any reason, it will be affirmed on appeal).
According to Whitt, the indictment charging him with capital murder contained the following language:
"Randall Lee Whitt ... did intentionally cause the death of James Maples by shooting him with a firearm, and Randall Lee Whitt ... caused said death during the time that Randall Lee Whitt ... was in the course of committing *877 a theft of property, to wit: a purse and its contents, belonging to Mary Humphries, by the use of force against the person of James Maples, with intent to overcome his physical resistance or physical power of resistance, while the said Randall Lee Whitt ... was armed with a deadly weapon, to wit: a firearm, in violation of Alabama[Code], 1975, § 13A-5-40(a)(2)...."
C.R. 59.
First-degree robbery is defined by § 13A-8-41(a), which, in pertinent part, provides:
"A person commits the crime of robbery in the first degree if he violates section 13A-8-43 and he:
"(1) Is armed with a deadly weapon or dangerous instrument...."
Section 13A-8-43(a), in pertinent part, provides the following:
"A person commits the crime of robbery in the third degree if in the course of committing a theft he:
"(1) Uses force against the person of the owner or any person present with intent to overcome his physical resistance or physical power of resistance...."
"`Where an indictment contains language which conveys the meaning of a statute, see § 15-8-21, Code of Alabama (1975), the violation of a code section may be satisfactorily charged despite the failure to cite the statute.'" Raper v. State, 584 So.2d 544, 548 (Ala.Crim.App.1991) (quoting Carroll v. City of Huntsville, 505 So.2d 389, 391 (Ala.Crim.App.1987)). This indictment clearly charged Whitt with murder made capital because it occurred during a robbery in the first degree because the indictment alleged that Whitt used force "against another person in furtherance of a theft." Hamm v. State, 564 So.2d 453, 457 (Ala.Crim.App.1989), aff'd, Ex parte Hamm, 564 So.2d 469 (Ala.1990). Accordingly, Whitt's claim attacking the indictment lacks merit, and he is entitled to no relief on this claim.
Based on the foregoing, we find that the circuit court's summary dismissal of Whitt's Rule 32 petition was correct and the circuit court's ruling is affirmed.
AFFIRMED.
McMILLAN, P.J., and BASCHAB and WISE, JJ., concur; SHAW J., concurs in the result, with opinion.
SHAW, Judge, concurring in the result.
Based on my examination of the record, I concur to affirm the circuit court's summary dismissal of Whitt's Rule 32, Ala. R.Crim.P., petition. However, I decline to join the Court's opinion insofar as it partially overrules Blount v. State, 572 So.2d 498 (Ala.Crim.App.1990). Presently, the Alabama Supreme Court has under consideration certain proposed amendments to the Alabama Rules of Criminal Procedure, including an amendment to Rule 32. It is my understanding that this amendment will address the issue this Court reaches today concerning the holding in Blount. Because the Alabama Supreme Court has actively undertaken the task of effecting much-needed reform in the area of Rule 32 jurisprudence, I am inclined to await that Court's action before I make a decision on this issue.
NOTES
[1] Whitt was convicted of killing James Maples during the course of a robbery. Whitt was convicted of the attempted murder of Mary Humphries. Whitt encountered Maples and Humphries behind a church in rural Madison County. Whitt fired gunshots at the couple as he advanced toward them. After Humphries fell to the ground, Whitt's codefendant said, "Make sure that son-of-a-bitch is dead." Whitt grabbed Humphries by her hair, lifted her off the ground, and struck her in the head with a heavy object, causing her to lose consciousness. When she awoke, she found Maples dead from a gunshot wound. During the investigation it was discovered that Humphries's purse was missing. It was found along the roadside, some distance from the crime scene, and its contents were scattered about.
[2] Much of our analysis in Part I is attributed to an unpublished memorandum authored by Judge Long. Unpublished memorandums have no precedential value, see Rule 54, Ala. R.App.P.; however, because we agree with the analysis in the unpublished memorandum, we have incorporated much of the language in this opinion, which will have precedential effect.
[3] "The doctrine of abuse of writ defines the circumstances in which federal courts decline to entertain a claim presented for the first time in a second or subsequent petition for a writ of habeas corpus." McCleskey, 499 U.S. at 470, 111 S.Ct. 1454.
[4] In Walker the Alabama Supreme Court held that the trial court erred in summarily dismissing Walker's postconviction petition that alleged ineffective assistance of appellate counsel. The Court stated that even though the claim was being presented for the third time in a postconviction petition, it was not barred as successive because Walker had never received a hearing on what appeared to be a meritorious claim.
[5] To substantiate the procedural bar in Rule 32.2(b), we recommend that the State set out a Rule 32 petitioner's prior petition history, identify those claims that appear for the first time and those that have appeared before, and allege that a petition is successive.