John Milton Hardy appeals from the circuit court's dismissal of his petition for postconviction relief, filed pursuant to Rule 32, Ala.R.Crim.P. In 1995, Hardy was convicted of the offense of murder made capital because it was committed during a robbery in the first degree, see § 13A-5-40(a)(2), Ala. Code 1975; the circuit court *Page 317 
sentenced Hardy to death. On March 26, 1999, this Court affirmed Hardy's conviction on direct appeal. See Hardy v. State,804 So.2d 247 (Ala.Crim.App. 1999).
Hardy petitioned the Alabama Supreme Court for certiorari review. The Supreme Court granted his petition, pursuant to Rule 39(c), Ala.R.App.P., as it read before it was amended effective May 19, 2000.[1] On November 3, 2000, the Supreme Court affirmed Hardy's conviction and sentence. See Hardy v. State,804 So.2d 298 (Ala. 2000). The Supreme Court overruled Hardy's application for rehearing on June 1, 2001, and issued a certificate of judgment on June 19, 2001.[2] Thereafter, Hardy petitioned the United States Supreme Court for certiorari review. On November 26, 2001, the United States Supreme Court denied Hardy's petition for the writ of certiorari. See Hardy v.Alabama, 534 U.S. 1043, 122 S.Ct. 621, 151 L.Ed.2d 543 (2001).
On November 19, 2002, Hardy filed a Rule 32 petition, seeking relief from his 1995 conviction and sentence. The State filed a motion to dismiss Hardy's petition on the ground that the petition was not filed within the one-year limitations period set forth in Rule 32.2(c), Ala.R.Crim.P., as amended effective August 1, 2002. On May 2, 2003, the circuit court entered an order dismissing Hardy's Rule 32 petition as untimely filed. This appeal followed.
On appeal, Hardy argues that the circuit court erred in dismissing his Rule 32 petition on the ground that it was untimely filed. In light of the Supreme Court's recent decision in Ex parte Gardner, [Ms. 1030309, January 27, 2004] ___ So.2d ___ (Ala. 2004), we agree.
In Ex parte Gardner, the Supreme Court clarified its intent in setting the effective date for the amendment of Rule 32.2(c), Ala.R.Crim.P., stating that petitioners whose "triggering date"[3] occurred before July 31, 2001, have two years from that triggering date in which to file a petition for postconviction relief. ___ So.2d at ___. Because Hardy's triggering date occurred before July 31, 2001, he had two years from that date — June 19, 2001 — in which to file his Rule 32 petition. Therefore, Hardy's Rule 32 petition, filed on November 19, 2002, was timely.
Based on the foregoing, the judgment of the circuit court dismissing Hardy's Rule 32 petition is reversed, and his case is remanded for further proceedings consistent with this opinion.
This Court's policy, when faced with an appeal from the dismissal of a Rule 32 petition in a case in which the death penalty was imposed, based on this Court's previous interpretation of the 2001 amendment to Rule 32.2(c), will be to reverse the circuit court's order dismissing the Rule 32 petition and remand the case, so that the parties, in effect, start anew. The State *Page 318 
will be given an opportunity to file a response to the Rule 32 petition, and the circuit court is given the opportunity to schedule such evidentiary hearings as it sees fit and to enter an order on the merits of the petitioner's claims, all within the court's own time schedule, rather than being subject to the somewhat restrictive time constraints generally placed on cases remanded by this Court.[4]
We recognize that this Court has, on several occasions, remanded a case for further proceedings where the circuit court incorrectly dismissed a Rule 32 petition, based on the procedural bar set out in Rule 32.2(c). See, e.g., Thomas v. State, [Ms. CR-01-2202, November 22, 2002] ___ So.2d ___ (Ala.Crim.App. 2002). However, those cases were far less complex, requiring a relatively short period for remand and making the cases easier to keep track of. By contrast, Hardy's case and all such cases involve the review of capital-murder convictions and the imposition of the death penalty, the most serious offense and punishment faced by a criminal defendant. Moreover, because the circuit court dismissed the petition without considering the merits,[5] these cases will be effectively litigated from start to finish once returned to the trial court. For this reason, we believe that reversal of the court's judgment and remand of the case for further proceedings consistent with Exparte Gardner is the better practice.
Following the court's ruling on the petition, the aggrieved party should then file a new notice of appeal, and the appeal of this case will commence.
REVERSED AND REMANDED.
McMILLAN, P.J., and COBB, BASCHAB, and SHAW, JJ., concur.
[1] The amendment to Rule 39, Ala.R.App.P., effective May 19, 2000, as to death-penalty cases, changed the standard for certiorari review of a criminal case in which the death penalty is imposed. At the time Hardy filed his petition, Rule 39(c) provided that a petition for a writ of certiorari to the Supreme Court in a case in which the death penalty had been imposed would be granted as a matter of right.
[2] This Court issued its certificate of judgment on that same day.
[3] As the Supreme Court noted in Ex parte Gardner, two possible dates govern the timeliness of a Rule 32 petition: (1) the date this Court issues a certificate of judgment in the petitioner's direct appeal; or (2) if the petitioner does not appeal, the date upon which the petitioner's time for filing an appeal expires. See Ex parte Gardner, ___ So.2d at ___ n. 1.
[4] If we were simply to remand such cases, it could appear that we were attempting to micromanage the circuit court's docket, a function for which this Court is particularly ill-suited. Such action on our part would place undue time constraints upon the circuit court and adversely affect the circuit court's ability to manage other equally important cases pending before it.
[5] We do not think it appropriate for this Court, in a case in which the death penalty was imposed, to be placed in the position of reviewing a petitioner's claims, absent any findings by the trial court. Thus, we make an exception, in Rule 32 petitions in death-penalty cases involving an Ex parte Gardner claim, to the general rule that if the circuit court's ruling is correct for any reason, it will be affirmed on appeal. See, e.g., Whitt v.State, 827 So.2d 869, 876 (Ala.Crim.App. 2001).