SHAW, Judge.
Richard Jerome Flowers appeals the circuit court’s summary dismissal of his Rule 32, Ala.R.Crim.P., petition for postconviction relief, in which he attacked his capital-murder convictions and sentence of death.
In 1998, Flowers was convicted of two counts of capital murder in connection with the murder of Annie Addy. The murder was made capital because Flowers had been convicted of another murder within 20 years of Addy’s murder, see § 13A-5-40(a)(13), Ala.Code 1975, and because Addy was in a vehicle at the time of her death, see § 13A-5-40(a)(17), Ala.Code 1975. The jury recommended that Flowers be sentenced to death for his convictions; the trial court accepted the jury’s recommendation and sentenced Flowers to death. Flowers’s convictions and sentence were affirmed on direct appeal, Flowers v. State, 799 So.2d 966 (Ala.Crim.App.1999), and the United States Supreme Court denied certiorari review, Flowers v. Alabama, 534 U.S. 901, 122 S.Ct. 230, 151 L.Ed.2d 165 (2001). This Court issued a certificate of judgment on March 30, 2001.
Flowers filed his petition on September 20, 2002. On October 25, 2002, the State filed a motion to dismiss the petition, arguing that the petition was untimely pursuant to Rule 32.2(c), Ala.R.Crim.P., which was amended effective August 1, 2002, to provide for a one-year limitations period. On January 10, 2003, Flowers filed an amendment to his petition. On January 31, 2003, the circuit court issued an order summarily dismissing the petition on the ground that it was time-barred by the newly amended Rule 32.2(c).
On appeal, Flowers raises only one issue: he argues that the circuit court erred in ruling that his petition was time-barred *613 by Rule 32.2(c). In light of the Alabama Supreme Court’s recent decision in Ex parte Gardner, [Ms. 1030309, January 27, 2004] — So.2d -(Ala.2004), we agree.[1]
In Ex parte Gardner, the Supreme Court clarified the application of the August 1, 2002, amendment to Rule 32.2(c), shortening the limitations period. The Court held that a petitioner whose “triggering date,” i.e., the date this Court issues a certificate of judgment or, in a case in which no appeal is taken, the date the time for filing an appeal lapses, whichever is applicable, occurred on or before July 31, 2001, has two years from the triggering date to timely file a Rule 32 petition.
In this case, Flowers’s triggering date was the date this Court issued the certificate of judgment, i.e., March 30, 2001. Pursuant to Ex parte Gardner, he was subject to the two-year limitations period, rather than the one-year limitations period; thus, he had until March 30, 2003, to file his petition. As noted above, Flowers’s petition was filed on September 20, 2002. Therefore, it was timely, and the circuit court erred in ruling that it was not. See Hardy v. State, 887 So.2d 316 (Ala.Crim.App.2004).
Based on the foregoing, the judgment of the circuit court is reversed and this cause remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED.
McMILLAN, P.J., and COBB, BASCHAB, and WISE, JJ., concur.

. The State also agrees; after the Supreme Court issued its decision in Ex parte Gardner, the State filed a motion with this Court requesting that we remand the case for further proceedings.