On Remand from the Alabama Supreme Court

COBB, Judge.
In Ex parte Dierking, 893 So.2d 1088 (Ala.2004), the Alabama Supreme Court reversed this Court’s judgment in Dierk-ing v. State, (No. CR-02-2020, November 21, 2003), — So.2d-(Ala.Crim.App. 2003) (table), affirming Dierking’s convictions and sentences, and remanded the cause for further proceedings consistent with its opinion and with Ex parte Gardner, [Ms. 1030309, Jan. 27, 2004] — So.2d -(Ala.2004).
Floyd Dierking was convicted on November 25, 1998, of two counts of capital murder. Dierking was convicted of murder made capital because it was committed during a robbery in the first degree, see § 13A-5-40(a)(2), Ala.Code 1975, and because it was committed during a burglary in the first degree, see §, 13A-5-40(a)(4), Ala.Code 1975. He was sentenced to life imprisonment without the possibility of parole. His conviction and sentence were affirmed by this Court on March 24, 2000, without an opinion. Dierking v. State, 805 So.2d 783 (Ala.Crim.App.2000) (table). The certificate of judgment was issued on June 8, 2001.
On June 4, 2003, Dierking filed a Rule 32, Ala. R.Crim. P., petition for postconviction relief in the Mobile Circuit Court. Dierking alleged that he was denied effective assistance of counsel at the trial and appellate levels. He alleged his trial counsel was ineffective: (1) for failing to object to the prosecution’s vouching for the credibility of a witness during closing arguments; (2) for failing to request a' jury instruction on Dierking’s right not to testify; (3) for failing to object to the trial court’s jury charge on the elements of murder; and (4) for failing to object to the trial court’s invading the province of the jury by instructing that a gun was a deadly weapon. Dierking alleged that his appellate counsel was ineffective for failing to raise on appeal the above claims of ineffective assistance of trial counsel.
Without a response from the State, the trial court summarily dismissed Dierking’s Rule 32 petition because it was filed after the one-year limitations period in Rule 32.2(c), Ala. R.Crim. P.,.as amended effective August 1, 2002. The trial court relied upon the amended rule that states that “the court shall not entertain any petition for relief from a conviction or sentence unless the petition is filed ... within one (1) year after the issuance of the certificate of judgment by the Court of Criminal Appeals .... ” Rule 32.2(c), Ala. R.Crim. P. On July 17, 2003, Dierking filed a motion for reconsideration, stating that the two-year limitations period contained in Rule 32.2(c), Ala. R.Crim. P., before it was amended effective August 1, 2003, applied to his case. The trial court denied his motion for reconsideration.
On appeal, Dierking alleges that the circuit court should not have summarily dismissed his Rule 32 petition as time-barred under Rule 32.2(c), Ala. R.Crim. P. We agree.
“In Ex parte Gardner, the Supreme Court clarified the application of the August 1, 2002, amendment to Rule 32.2(c), shortening the limitations period. The Court held that a petitioner whose ‘triggering date,’ i.e., the date this Court issues a certificate of judgment or, in a case in which no appeal is taken, the *1090 date the time for filing an appeal lapses, whichever is applicable, occurred on or before July 31, 2001, has two years from the triggering date to timely file a Rule 32 petition.”
Flowers v. State, 888 So.2d 612, 613 (Ala. Crim.App.2004).
Because this Court’s certificate of judgment in Dierking’s direct appeal of his conviction and sentence was issued on June 8, 2001, and his Rule 32, Ala. R.Crim. P., petition was filed on June 4, 2003, Dierking filed his petition before the applicable two-year limitations period had expired. Accordingly, we find that the circuit court erred in dismissing Dierking’s petition pursuant to Rule 32.2(c), Ala. R.Crim. P. Based on the foregoing, the judgment of the circuit court dismissing Dierking’s Rule 32, Ala. R.Crim. P., petition is reversed, and his case is remanded for further proceedings consistent with this opinion and with Ex parte Gardner. We note that regardless of whether the merits of Dierking’s allegations are addressed or whether a particular claim is precluded on procedural grounds, the circuit court shall issue a written order addressing its disposition of each specific claim. Following the court’s ruling on the petition, the aggrieved party may file a new notice of appeal.
REVERSED AND REMANDED.
McMILLAN, PA'., and BASCHAB and WISE, JJ„ concur.
SHAW, J., concurs in the result.